## Clark's Appeal.

1. Proceedings in partition were conducted from their inception until an order of sale by an attorney-at-law. The order of sale was executed by the administrator who received the purchase-money, and who, after paying the costs and expenses of the proceedings, exclusive of the fees of the attorney, filed an account, and without waiting for any action of court thereon distributed the entire fund among the heirs. He was aware of the claim of the attorney for compensation. The latter excepted to the account of the administrator, and the court referred it to an auditor, who allowed the fees, and also charged the costs of the audit upon the administrator, which action the court confirmed: *Held*, that this was not error.

2. Per STERRETT, J.—" The administrator knew, or ought to have known, that the fees in question were a necessary part of the expense of converting the land into money, for the purpose of distribution among the heirs, and should have had them included in the taxation of the costs."

3. Snyder's Appeal, 4 P. F. Smith 67, distinguished.

March 3d 1880. Before SHARSWOOD, C. J., GORDON, PAXSON, TRUNKEY and STERRETT, JJ. MERCUR and GREEN, JJ., absent.

Appeal from the Orphans' Court of *Berks county:* Of January Term 1880, No. 168.

Appeal of John H. Clark, administrator of William Clark, deceased, from the decree of the court in the matter of the

12 NORRIS—24

auditor's report on the account of said administrator, distributing to Hiram Y. Kaufman, Esq., attorney-at-law, a certain sum for attorney's fees in conducting certain proceedings in partition. Mr. Kaufman filed an exception to the administrator's account, on the ground that the administrator refused to pay him $40 for professional services rendered in certain partition proceedings. On filing this exception, the court appointed an auditor " to audit, restate, resettle the said account, and make distribution of the balance." Before the auditor Mr. Kaufman made his claim for his fees under the Act of April 27th 1864. The counsel for the administrator objected to the auditor allowing this claim, first, because the administrator had no right to pay the same before said fees had been taxed by the court, and before he had an order from court to pay the same ; and second, because Catharine A. Esterly, the petitioner, to whom said Act of Assembly makes the allowance, objected to the administrator paying the same.

From the facts, as found by the auditor, it appeared that the decedent, William Clark, died April 23d 1877, seised of two tracts of land in Berks county, and that he left a widow and six children. That nearly a year after the death of decedent, Catharine A. Esterly, one of the daughters of the decedent, employed Kaufman, the exceptant, to draw up a petition to have an inquisition and partition according to law, of said real estate among the heirs, which petition was presented April 1st 1878, by the exceptant. The same day the court awarded an inquest to make partition of the property set forth in said petition, returnable May 25th 1878, at eleven o'clock A. M. The jury met, according to law, on April 30th 1878, and on May 25th 1878, returned that they had valued and appraised purpart No. 1, at $2800, and purpart No. 2, at $328.91. A rule was granted on all the heirs and legal representatives of said William Clark, deceased, to appear at an Orphans' Court held at Reading, on June 22d 1878, at eleven o'clock A. M., to accept or refuse the said property, or show cause why the same should not be sold. On said day all the heirs appeared in open court, and were severally called before court by the exceptant, whereupon all the heirs refused to accept the properties or real estate, and desired that the same might be sold, and an order of sale was accordingly granted to John H. Clark, the administrator and accountant. That on August 10th 1878, the said real estate was sold by the accountant by virtue of said order. That the proceedings in partition were conducted by the exceptant, until said proceedings were fully determined and ended, and an order of sale issued to the administrator. And for these services the exceptant asked to be paid out of the estate, which the accountant refused.

The auditor allowed the exceptant his fees, and also charged the accountant with the costs of the audit. Exceptions were filed by

[Clark's Appeal.]

the administrator, which the court, Sassaman, J., dismissed, and confirmed the report. This appeal was then taken, the administrator alleging that the court erred in allowing the fees to exceptant, and in not deciding that he should pay the costs of the audit.

*B. Y. Shearer*, for plaintiff in error.—It is ruled in Snyder's Appeal, 4 P. F. Smith 67, that the Act of April 27th 1864, requires the counsel-fees therein mentioned to be taxed by the court, and then paid by the parties; that an administrator has no right to pay such fees, unless by order of court after taxation. Mr. Kaufman has made no application to court to have his fees taxed, and, having neglected to do so, the administrator is not responsible for the trouble and expense which ensued, and should not be made to pay the costs of this appeal.

*Frank R. Schell* and *Henry C. G. Reber*, for appellee.—In Grubb's Appeal, 1 Norris 23, the court appointed an auditor to ascertain what was a proper fee, which he did under its direction. Snyder's Appeal, upon which the appellant professes to rely, although in many respects not parallel to this case, fully sustains our position. There the counsel claimed simply, before the auditor, their compensation for professional services rendered, without first having brought their claim to the attention of the court by petition or by an exception. Again, the services rendered related to seven allotments, six of which were accepted, one sold, and the proceeds of said sale constituted the fund out of which they demanded payment. It was there held by this court, that the costs of partition, including the reasonable attorney's fee, belonged to the whole partition and not to the sale merely; and that the executor had no right to pay attorney's fees or other costs of the partition, except so far as the court might order them to be paid out of the proceeds of sale. In this case, the services were confined to but a single purpart, from the proceeds of which sale this appellee asks the payment of his fees as counsel, and we contend, that the confirmation of the auditor's report is in effect such an order of the court as is designated in Snyder's Appeal.

Mr. Justice STERRETT delivered the opinion of the court, March 15th 1880.

The facts of this case fully justified the action of the court below. The proceedings in partition, from their inception until the order of sale was issued to appellant, were conducted by the appellee, who claimed for his services $40, which was certainly a reasonable compensation, as the auditor has found. The heirs having refused to take either of the purparts at the valuation, the order of sale embraced all the real estate of the intestate, and the costs of partition, including counsel fees for conducting the same, were properly

[Clark's Appeal.]

payable out of the proceeds. The order of sale was executed by the appellant, who received the purchase-money; and, after paying the costs and expenses of the proceeding, exclusive of appellee's fees, filed an account and, without waiting for any action of court thereon, assumed the responsibility of distributing the entire fund among the heirs. He knew, or ought to have known, that the fees in question were a necessary part of the expense of converting the land into money for the purpose of distribution among the heirs, and should have had them included in the taxation of the costs. The Act of April 27th 1864 provides that the costs in all cases of partition, with a reasonable allowance for counsel fees, to be taxed by the court or under its direction, shall be paid by all the parties in proportion to their respective interests. The appellant paid all the other costs of the proceedings in partition, and took credit for the same in his account. He was fully aware of the professional services rendered by the appellee, and of his claim for compensation. Under these circumstances, it was his duty to have asked that a reasonable allowance be made therefor, taxed and paid with the other costs. If he had done so, the burden would have been borne by the parties on whom the act intended it should be cast, and no trouble would have ensued. But he chose to ignore the just claim of the appellee, and voluntarily assumed the risk of distribution. Having done so, his account was excepted to on that ground alone, and the auditor to whom the matter was referred found and reported the facts substantially as above stated. The only questions were as to the amount of the compensation and the propriety of paying it, as other expenses had been paid, out of the proceeds of sale. Both questions were properly disposed of by the auditor and then by the court, and the decree should not be disturbed.

The appellant contended that the case was ruled by Snyder's Appeal, 4 P. F. Smith 67, but we think not. The facts are not the same. There the fund for distribution represented but a small portion of the real estate embraced in the partition. Six of the purparts had been accepted and only one sold. The claim was also presented to the auditor without having been first brought to the attention of the court. In the present case the appellee's claim was the only matter presented by the exception and passed upon by the court. It might and should have been done without reference to an auditor; but, technically, there was no error in referring the matter to an auditor. The decree confirming the report, in effect, fixed the allowance to be paid out of the proceeds of sale.

Decree affirmed and appeal dismissed. And it is now ordered that the costs, including the costs of this appeal, be paid by the appellant.