# Appeal of The Fidelity Insurance Trust and Safe Deposit Company, Guardian of Margaretta Price Norris.

1. The design of the Act of April 27th, 1864, (P. L. 641) was to place the parties upon a relative equality as to the necessary expenses of effecting a partition. The Act intended that those expenses should include not only the docket costs proper, as fixed by the equity fee bill, but also a reasonable allowance (which must be fixed by the court below) for plaintiff's counsel fees, graduated according to the nature and extent of the services necessarily rendered for the common benefit of all.

2. The "reasonable allowance" for counsel fees does not include fees to plaintiff's counsel for conducting adversary proceedings, resulting from a defence to plaintiff's demand for a partition, or from any other cause.

January 14th, 1885.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.   CLARK J., absent.

APPEAL from the Court of Common Pleas, No. 4, of *Philadelphia County*, In Equity:   Of January Term, 1884, No. 287.

Bill in Equity for partition filed October 5th, 1880, by The Fidelity Insurance Trust and Safe Deposit Company, guardian of Margaretta Price Norris, against the City of Philadelphia.

The bill set forth the plaintiff's title, which was denied by the answer.   The cause was then referred to Henry J. McCarthy, Esquire, as Master, before whom proofs were taken, which showed that plaintiffs were entitled to one sixteenth of the property mentioned in the bill.   This consisted of a lot of ground in Philadelphia which the city had purchased for school purposes.   In addition to the proof of plaintiffs' title, the services of counsel were required in connection with the formal proceedings in partition; such as the preparation of the bill, and the conduct of the case before the Master, which involved a number of meetings and the examination of four expert witnesses.   The Master found the property worth $10,000, and that the plaintiffs' share was $630.   He therefore allotted plaintiffs a small lot, valued at $1,250, subject to owelty of $620.

Under the Act of April 27th, 1864, plaintiffs' counsel claimed that his fee of $200 for conducting the proceedings in partition for the common benefit of all should be allowed by the Master, to be paid by all parties in proportion to their several interests in the real estate.

The Master, however, after reviewing the authorities, found that said counsel was only entitled to be " awarded counsel fees for the following services rendered in the cause, to wit: for drawing bill, $9.30; for filing bill and attorney's fee, $6.50."

Exceptions filed to the Master's report, on the ground that it failed to make reasonable allowance for fees to plaintiffs' counsel, to be paid by all parties in interest, were dismissed by the court and a decree entered confirming said report— whereupon plaintiffs took this appeal assigning for error the decree of the court.

*A. Sydney Biddle* (with whom was *J. Rodman Paul*), for appellant.—The Master and court below seem to have supposed that where the plaintiffs' title is contested the Act of

1864 does not apply, and the plaintiffs' counsel is not entitled to any allowance for counsel fee. The sum allowed by the Master in this case represents simply the costs, allowed by the equity fee bill long prior to the Act of 1864. The cases cited by the Master have been misread. In Snyder's Appeal, 4 P. F. S., 67, it was alleged that the amount suggested for plaintiffs' counsel fee had been charged upon one share only, instead of upon the whole estate. It was for this reason that the Supreme Court referred the case back to a Master, and not because the amount claimed ($750) was excessive. In Grubb's Appeal, 3 W. N. C., 177, and 1 Norris, 23, the Auditor had awarded to the plaintiffs $2,500 as a reasonable counsel fee, but showed no special reason why this sum should have been allowed. This court reversed the judgment on the ground that the allowance included expenses incurred by the plaintiff in adversary litigation.

No compensation is claimed here for services rendered necessary by the adverse character of the proceedings; but it is asserted that the preparation of a bill in equity for a partition, in which the property amounts to $10,000, in which meetings were held entirely unconnected with any litigation in the case, for the mere purpose of furthering the partition; in which four expert witnesses were examined and cross-examined as to the value of the property, of whom three were called by the plaintiffs, requiring numerous prior interviews and correspondence, all of which would have been necessary had the proceeding been entirely amicable, and in which the Master's fee was fixed by consent at $300,—is inadequately compensated under the Act of 1864 by the sum of $15.80, all of which was due prior to that Act as costs to the plaintiffs, under the old equity fee bill contained in Walker's Court Rules.

*Abraham M. Beitler* and *Charles F. Warwick*, for appellee. —The only question in this case, is whether the award of $15.80 to plaintiff is a "reasonable allowance for counsel fees," under the act of 1864. In Grubb *v.* Grubb, 3 W. N. C., 179, this court said: "The Act had relation to costs capable of calculation and ascertainment, and not to such fees as counsel and client are accustomed of themselves to adjust. In its very title indeed, it was stated to be 'relative to costs in cases of partition.' The services for the performance of which the statute was meant to provide, were searches, formal motions, the preparation of papers, and conveyancing, in a word, for such professional duties as would properly enter into the bill of costs of an attorney under the English practice. Counsel fees in the ordinary sense—such as are paid to a barrister for

a trial in court—were not in contemplation." On page 180, this court said: "Manifestly, this statute was not designed to shoulder upon defendants in partition the expenses incurred by a plaintiff in adversary litigation. . . . . . The law . . . . . was not designed to pay the fees of mere litigation, so that a litigant should saddle the cost of his litigation on others."

That case decides for what kind of services the petitioner's counsel shall be allowed a fee to "be paid by all the parties in proportion to their several interests." It was adopted by the Master. For such services the law establishes the fee. The Master and the court followed the Equity Fee Bill, and taxed the fees as therein provided.

Why should any greater fee be allowed? For the mere purpose of securing the partition in this case, it was only necessary to draw and file a simple bill, move for the appointment of an Examiner and Master and prove before him the value of the premises. To establish the right of the plaintiff to any part of the lot held by the defendant was another and more difficult matter but for that the plaintiff must pay.

Mr. Justice STERRETT delivered the opinion of the court, February 9th, 1885.

The Act of April 27th, 1864, "relative to costs in cases of partition," provides, "That the costs in all cases of partition in the Common Pleas and Orphans' Court of this Commonwealth, with a reasonable allowance to the plaintiffs or petitioners for counsel fees, to be taxed by the court or under its direction, shall be paid by all the parties in proportion to their several interests:" P. L., 641.

If there ever was any doubt as to the object and scope of this Act, it should have been dispelled by what was said in Snyder's Appeal, 4 P. F. S., 67, and Grubb's Appeal, 1 Norris, 23. The mischief and the remedy are clearly pointed out in those cases. It frequently occurred, as it still does, that, in consequence of minority, coverture and other causes, one of several tenants in common was compelled to resort to proceedings in partition for the purpose of effecting a division of the property held by them in common; and, no matter how small his interest therein might be, he was under the necessity of employing counsel to conduct the proceedings to a conclusion which was quite as beneficial to each of the others as to himself. The entire burden of paying for indispensable professional aid, in conducting the formal proceedings in partition for the common benefit of all, was thus cast on the one who instituted the proceedings. The Act was intended to remedy this injustice by requiring that a reasonable compensation for the necessary professional services of counsel retained by the plaintiff

or petitioner, as the case might be, should be determined by the court and paid by all the tenants in common in proportion to their respective interests. The design of the Act was to place the parties upon a relative equality as to the necessary expenses of effecting a partition of the common property; and it was evidently intended that those expenses should include not only the docket costs proper, fixed by Act of Assembly or by the Equity Fee Bill, but also a reasonable allowance for counsel fees, graduated according to the circumstances of each particular case, the nature and extent of the services necessarily rendered for the common benefit of all the parties in interest.

In view of what has been said, it is scarcely necessary to add that the "reasonable allowance" contemplated by the Act does not include expenses of adversary proceedings, resulting from a defence to the plaintiff's demand for partition or from any other cause. Such an allowance would be clearly beyond the scope of the Act. The main ground of reversal in Grubb's Appeal, supra, was that the Auditor allowed counsel fees to the plaintiffs for what he termed "the litigation of the defendant."

In the case before us, appellant's claim is expressly limited to compensation for the necessary professional services of counsel in conducting the proceedings in partition to a conclusion for the common benefit of all the parties thereto. No claim is made for services in litigating the right of plaintiff below to partition.

The learned Master and court below appear to have thought the only proper allowance was that specified in the Equity Fee Bill, viz: $15.80. In that they were clearly mistaken. In addition to the costs, given by the fee bill, appellant was entitled under the Act of 1864 to a reasonable allowance for counsel fees, to be determined by the court below according to the rule above indicated. We do not understand that the sum claimed is objected to as unreasonable, nor does there appear to be any ground for such objection; but, inasmuch as it is primarily the duty of the court below to fix the amount, the record must be remitted for that purpose.

> Decree reversed, at the cost of the appellees; and it is ordered that the record be remitted to the court below for further proceedings in accordance with the foregoing opinion.