## M. A. WOODWARD v. C. H. BRACE ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued November 7, 1890—Decided January 5, 1891.

(a) To an action of assumpsit, by a master in equity against the plaintiffs in the bill, to recover his fee as master fixed by the court after his report was made, an affidavit of defence was filed averring that the master had presented his petition to the court in equity for an order for the payment of his fee, and no order was as yet entered:

1. A court of equity has the power, not only to fix the master's fee, as well as other costs, in an equity case, but to make any necessary and proper order for their payment;* that court is fully competent to attend to its own business, and the master's petition remaining undisposed of therein, his action at law to recover his fee fixed cannot be sustained.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 225 October Term 1890, Sup. Ct.; court below, No. 526 June Term 1890, C. P. No. 1.

---

*And to enforce it, too, doubtless.

On April 30, 1890, Mr. M. A. Woodward brought assumpsit against C. H. Brace and N. C. Brace, doing business as Brace Brothers, filing a statement of claim, verified by affidavit, averring:

That the plaintiff was appointed the examiner and master in a proceeding in equity, at No. 232 June Term 1888, C. P. No. 1, wherein Brace Brothers were plaintiffs, and John L. Evans et al., defendants; that his report as such examiner and master was duly filed on July 10, 1889, and on July 27th, " upon a paper signed by the counsel for the plaintiffs and defendants in said cause, agreeing to the court fixing the plaintiff's fee, as master, at $600 as a reasonable fee, the court did, in said cause, fix and allow the said fee of $600, as filed of record therein," whereby the said fee became due and payable, with interest, by the defendants herein. " And plaintiff herein says, that, although said report has been so long filed, and although it was in support of the plaintiffs' bill and the prayer thereof, yet, by the neglect of the said plaintiffs, and their intent to not proceed therein, no final decree has been asked for or obtained in said cause, and this plaintiff is left without remedy for his said fee and his services rendered in said suit, if any he might have,—the defendants therein being found, as alleged in plaintiffs' bill, to be financially irresponsible,—and has no remedy or means of relief excepting by suit against the said plaintiffs, wherefore he brings this suit."

The defendants filed an affidavit of defence, material portions of which were as follows:

" 3. That after the filing of his report in favor of the plaintiffs in said cause, the said master, Mr. Woodward, presented a petition, at the same number and term, asking the court to order the plaintiffs in said cause to pay his fee, the amount whereof had been fixed by agreement of counsel; and, so far as deponent knows, no order was ever entered in said matter. Deponent further says that his firm suffered large damage by reason of the unlawful acts of the defendants in said bill in equity, and that the preliminary injunction, granted by the court, had the effect of causing said defendants to discontinue their boycott; and that plaintiffs were willing to let the matter rest as it then stood, but that the defendants insisted upon proceeding to a final decree, and deponent's firm was obliged

in self-protection to take testimony, and that the master's re-
port and finding awarded damages in about $2,400, and recom-
mended that the injunction should be made final.   After the
filing of said report, the defendants, who were the real actors,
relaxed their efforts in said cause.   Deponent's firm, believing
the defendants to be wholly irresponsible, after making several
efforts to have the case argued, finally concluded that the
game was not worth the candle.   And deponent is advised
that the defendants in this cause are not liable to the plaint-
iff in any sum whatever, much as they regret that he should
have expended his time and labor without compensation; and
he says, further, that their loss and damage through the con-
duct of the defendants in said equity cause, has been much
greater than his."

The plaintiff having taken a rule for judgment for want of a
sufficient affidavit of defence, after argument thereof before the
court in banc, the rule was discharged, STOWE, P. J.; excep-
tion.   Thereupon, the plaintiff took this appeal, assigning the
order discharging said rule for error.

*Mr. George E. Shaw*, for the appellant.
Counsel cited: Moore v. Porter, 13 S. & R. 101; Thomson's
App., 11 W. N. 414; Large v. Davis, 12 W. N. 33; St. Jos.
Orphans' Asylum's App., 38 Pa. 535; Lowenstein v. Biern-
baum, 8 W. N. 301.

*Mr. W. K. Jennings*, for the appellees.
Counsel cited: Thomson's App., 11 W. N. 414; O'Hara v.
Stack, 90 Pa. 477; Stokely's Estate, 19 Pa. 476; Travis v.
Waters, 1 Johns. Ch. 85; Winton's App., 97 Pa. 394.

PER CURIAM:
We learn from the plaintiff's statement, filed in the court be-
low, that he brought this suit to recover a master's fee of $600,
in the equity suit of Brace Brothers (defendants), against John
L. Evans et al., No. 232 June Term 1888, of the Court of Com-
mon Pleas No. 1 of Allegheny county; that said fee was fixed
and allowed by the court, upon the written agreement signed
by the counsel on both sides in the equity suit aforesaid.   The
affidavit of defence avers, inter alia, "that, after the filing of

his report in favor of the plaintiffs in said cause, the said master, Mr. Woodward, presented a petition, to the same number and term, asking the court to order the plaintiffs in said cause to pay his fee, the amount whereof had been fixed by agreement of counsel; and, so far as deponent knows, no order was ever entered in said matter."

The fee of the master, as well as other costs in equity, are within the discretion of the court wherein the suit is brought. That court has the power, not only to fix the costs, but to make any necessary and proper order for their payment. In this case, the plaintiff appears to have applied to the court in which the suit of Brace Brothers v. Evans was brought, for an order upon the plaintiffs therein to pay the master's fee. So far as we are informed by this record, that application has not been disposed of. There may be reasons, deemed sufficient by that court, to justify it in postponing or refusing said application. We can know nothing of this. But it would be an anomalous proceeding for a court of law to take up the matter where a court of equity has left it. The latter court is fully competent to attend to its own business. For anything that appears, the plaintiff's fee ought to be paid, but we do not see how its payment can be enforced in this proceeding.

Judgment affirmed.

139   319
174   450

189   319
201   469

Argued November 7, 1890—Decided January 5, 1891.