# Weed's Estate.   First Nat. Bank of Owego's Appeal.

*Costs—Counsel fees.*

One jointly interested with others in a common fund and who in good faith maintains the necessary litigation to save it from waste and destruction and secure its proper application, is entitled, in equity, to reimbursement of his costs as between solicitor and client, either out of the fund itself, or by proportional contribution from those who receive the benefits of the litigation.

*Trusts and trustees—Counsel fees—Practice, C. P.*

On a petition by a trustee for leave to pay counsel fees, the court is not bound to refer the application to a master or auditor, but may hear evidence as to the proper amount of such fee, and from this evidence and from the personal knowledge acquired from presiding over the litigation in which the services were rendered, may enter a decree allowing the counsel fees.

Argued March 12, 1893.   Appeal, No. 99, July T., 1893, from decree of C. P. Lycoming Co., June T., 1893, No. 328, allowing counsel fees.   Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ.   Affirmed.

Petition by trustee for permission to pay counsel fee.

From the petition and proofs it appeared that J. C. Hill, trustee of estate of F. R. Weed, deceased, was appointed to succeed Mills B. Weed, trustee under will of testator; that in 1891, Mills B. Weed became insolvent and made an assignment for benefit of creditors.   Before the assignment he conveyed certain real estate of testator to L. Truman & Bros., and confessed judgments to other creditors.   B. F. Young filed a bill to set aside the conveyance to L. Truman & Bros., and also another bill, joining Woddrop & Welsh as plaintiffs, seeking to have the judgments of the First National Bank of Owego and other creditors, declared to have no preference, and that the assignment for the benefit of creditors should be declared void. In this litigation the plaintiffs were successful, final decrees being entered as prayed for, and both affirmed by the Supreme Court: See Young v. Weed et al., 154 Pa. 316; Woddrop et al. v. Weed et al., 154 Pa. 307.   Shortly afterwards the trustee, Mills B. Weed, died, after having been dismissed from his trust,

and J. C. Hill was appointed in his place. The new trustee presented a petition praying to be authorized to pay Messrs. H. C. & S. T. McCormick and H. W. Watson counsel fees for services rendered in connection with the litigation to which reference has already been made. Attached to the petition was a statement from five members of the bar and the master in the case of Young v. Weed, stating that in their opinion seventy-five hundred dollars would be a fair compensation to the attorneys for their services. The case was not referred to an auditor or master, but a hearing was held before the court at which T. M. B. Hicks, Esq., master in Young v. Weed, testified as to the character of the legal services rendered. The court entered a decree directing the trustee to pay the counsel named in his petition $7,500 for their services, "reserving the right to determine in the future whether this amount should be contributed to equally by all the creditors of said trust estate or should be paid by any particular class of creditors of said estate."

*Error assigned* was above decree.

*C. LaRue Munson, Addison Candor, Rodney A. Mercur* and *W. D. Crocker* with him, for appellant.—The proper practice in a case like this is to either refer the application to a master, to pass upon the facts and law, as in Trustees v. Greenough, 105 U. S. 527, and Johnston v. Markle, 153 Pa. 189, or to an auditor appointed to distribute the funds, as in Kennedy's Est., 141 Pa. 479; Hays's Est., 153 Pa. 528.

The amount awarded as counsel fees was not warranted by the services rendered: Winton's Ap., 87 Pa. 85.

*John G. Reading, Jr.,* and *John J. Reardon,* for appellee.— The appeal in the case at bar fails, because it is not an appeal from a final or definitive decree: Kane v. Whittick, 8 Wend. 242; Bostwick v. Brinkerhoff, 106 U. S. 3; Benjamin's Heirs v. Dubois, 118 U. S. 46; Hilbish v. Catherman, 60 Pa. 444; Coleman v. Nantz, 63 Pa. 178; Snodgrass's Ap., 96 Pa. 420; Royer v. Tate, 1 P. & W. 227.

The court below had the power and authority, under the proceedings adopted, to make the decree complained of: Trus-

tees v. Greenough, 105 U. S. 527; Johnston's Ap., 153 Pa. 196; Freeman v. Shreve, 86 Pa. 135; Daly v. Maitland, 88 Pa. 384.

OPINION BY MR. JUSTICE McCOLLUM, Oct. 1, 1894:

This is an appeal from an order of the court of common pleas authorizing the trustee of an estate to pay out of the trust fund $7,500 for services rendered by counsel in its interest. The grounds on which it is sought to sustain the appeal are, (1) the order was not within the power of the court, (2) the evidence was not sufficient to warrant it, and (3) the allowance to counsel was excessive. The denial of the power of the court to make the order is sufficiently answered by Trustee v. Greenough, 105 U. S. 527, in which it was held, in an elaborate and well considered opinion by the late Justice BRADLEY, that "one jointly interested with others in a common fund and who in good faith maintains the necessary litigation to save it from waste and destruction and secure its proper application, is entitled, in equity, to reimbursement of his costs as between solicitor and client, either out of the fund itself, or by proportional contribution from those who receive the benefits of the litigation." In that case the allowance was made by the circuit court, and Justice BRADLEY, referring to the amount of it, said: "The court below should have considerable latitude of discretion on the subject, since it has far better means of knowing what is just and reasonable than an appellate court can have." We think these principles are applicable to the case before us, and that it would be an affectation of research to cite the long line of cases, English and American, which recognize and enforce them. In view of the question reserved in the order complained of and the fact that it is squarely raised by the bank on its appeal from the decree confirming the auditor's report [the preceding case], we need not now consider whether it has an equity which requires that the counsel fees shall be paid by the successful litigants.

The learned court below might have appointed a master or an auditor to report on the question of the amount of allowance proper for the services rendered, but it was not bound to do so. It might have derived some assistance from the report of a master or auditor on the question, but it would have been ad-

visory and in no sense conclusive. Hence if the court was willing to hear evidence on the subject and determine the question of compensation without the aid of a master, there could be no insuperable objections to its doing so. Such method of meeting and disposing of the question, has, at least, the merit, or advantage, of saving expense to the estate. There was a hearing by the court at which evidence was taken in reference to the value of the professional services rendered to the estate, and an opportunity was afforded to the appellant to introduce evidence in reply. The latter refused to do so, saying through its counsel : " We object to the form of the proceedings and it will be incompetent for us to produce witnesses." The learned court, upon the evidence before it, and the knowledge acquired by its review, upon exceptions to the master's reports, of the cases in which the services were rendered, fixed the compensation to be paid for them. In view of the principles stated, the nature of the services and the benefits derived from them by the estate, we cannot say the allowance was excessive or unreasonable.

The specifications of error are overruled.

. Judgment affirmed and appeal dismissed at the costs of the appellant.