Estate of Robert W. Playford, deceased.    Appeal· of
Amanda C. Kennedy.

*Partition—Costs when they follow the final decree.*

An original and alias writ of inquisition in partition were set aside; under a pluries writ the property was awarded to the appellant on payment of a fixed price, to be paid to those legally entitled, less all costs and an attorney fee of one hundred dollars. *Held*, that the costs followed the proceeding and were not imposed on the original petitioner by virtue of the fact that the rules to show cause why the original writ and alias writ should not be set aside, being made absolute, was equivalent to an express decree to that effect, the rule to show cause concluding with the words, " at the costs of the petitioner."

Argued' April 19, 1898.   Appeal, No. 159, April T., 1898, by Amanda C. Kennedy, from decree of O. C. Fayette Co., Dec. T., 1893, No. 58, in partition.   Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Rule to show cause why execution for costs should not issue in partition proceedings.   Before EWING, P. J.

The facts sufficiently appear in the opinion of the court.

The court made absolute the rule to show cause why execution should not be awarded unless the costs prayed for be paid within thirty days.   Amanda C. Kennedy appealed.

*Error assigned* was in making the· following decree : " It is hereby ordered that the rule to show cause be made absolute· and execution awarded unless said costs are paid within thirty' days."

*Edward Campbell*, with him *R. P. Kennedy*, for appellant.— The third section of the Act of Assembly of April 11, 1835, P. L. 200, Purd. Dig. (12th ed.) p.·1642, pl. 27, provides that· "'the costs in partition shall be paid by all the parties in pro-· portion to their several interests."

The first section of the Act of Assembly of April 27, 1864; P. L. 641, Purd. Dig. (12 ed.) p. 1644, pl. 35, provides that " the· costs. in all .cases of partition in the common pleas or orphans'·

court of the commonwealth, with a reasonable allowance to the plaintiffs or petitioner for counsel fees, to be taxed by the court, or under its direction, shall be paid by all the parties in proportion to their several interests."

That which is to be allowed is costs in the partition, and these, with a reasonable compensation, are to be taxed by the court: Snyder's Appeal, 54 Pa. 67 ; Biles's Appeal, 119 Pa. 105.

The court below could not alter the two judgments appearing in this record putting the costs on the appellee, after the terms at which they were entered : McCullough's Estate, 47 Leg. Int. 213 ; White's Estate, 163 Pa. 388.

How can the court below, by the judgment now before this court for review, disregard and nullify those former judgments ? The appellant has paid all that the record shows her liable to pay. The judgment now complained of is a nullity, because it contradicts the two former judgments in the same proceeding putting the costs on the appellee.

*R. W. Playford*, for appellee.—The appellate court will not review the action of the court below in taxing costs except in a flagrant case : Miskey's Appeal, 18 W. N. C. 100.

Though the taxing of costs be the immediate act of the officer, it is, in contemplation of law, the act of the court : Richardson v. Cassilly, 5 Watts, 449.

OPINION BY BEAVER, J., May 17, 1898 :

In proceedings in partition in the orphans' court, the original and alias writs of inquisition and the proceedings thereunder were set aside upon rules granted by the court. In the original proceedings the rule was made absolute by consent of the parties and under the proceedings in the alias writ the rule was made absolute in general terms by the court. Nothing was said in either decree in express terms in regard to the costs, but it is claimed by appellant that, because the rules were granted to show cause why the writ and alias writ of inquisition respectively should not be set aside at the costs of W. H. Playford, the petitioner, the mere making of these several rules absolute was equivalent to an express decree that the costs should be paid by the said W. H. Playford. If there

were nothing else in the proceedings, this might be urged with some degree of plausibility at least.

It is to be remarked that up to this point the present appellant was not a party to the proceedings, both rules having been granted at the instance and upon the petition of her sister, Mrs. Sophia E. Parkinson.

In the proceedings had under the pluries writ of inquisition the real estate involved was awarded to the appellant, on the 14th of December, 1896, under the following decree of the court: " The said Amanda C. Kennedy's bid being the highest and best, the court order and adjudge the said land which is fully described in the writ of inquisition to the said Amanda C. Kennedy, her heirs and assigns, forever, at the said price of $5,300, to be paid to those legally entitled thereto, in ten days from this day, with interest, less all the costs that have accrued in the proceedings since the filing of the petition for inquisition, and an attorney fee of $100." Under this decree, the appellant accepted the real estate which was the subject of the proceedings in partition and, by its terms, which are clear and unequivocal and from which no appeal was taken, she is bound.

The final decree of the court made December 13, 1897, from which this appeal was taken, simply made absolute the rule to show cause why execution should not issue for the purpose of enforcing payment of the costs ordered by the court to be paid by the appellant under the order of December 14, 1896, awarding her the real estate in the inquisition described; but, in order to set at rest all doubt as to what the intention of the court was, in making absolute the rules for setting aside the original and alias writs of inquisition and the proceedings had thereunder, it is said in reference to the claim that the order of the court directed the petitioner to pay the costs of the proceedings which had been set aside for irregularity, " The order of the court does not so direct, but the purpose and intent of the court was that such costs should follow the proceedings." This makes all the decrees of the court consistent with each other, and to have held otherwise would have led to inconsistency and confusion. The appellant is not called upon to do anything which she was not bound to do under the decree awarding her the real estate at her bid, and of this she has no right to complain.

As to the question of adjudication or taxation of the costs the rule relating to the taxation of bills of costs in the court of common pleas does not apply here.  The attorneys' fee was fixed specifically by the court and the officers' costs fixed by law are all set out by specific items on the margin of the record, as printed in the appellants' paper-book.  No exception of any kind is taken to a single item of these costs, and they are, therefore, presumed to be correct.

We find no error in the record and the decree of the court below is affirmed.