## The Pennsylvania Company for Insurance on Lives and Granting Annuities, Trustee and Administrator, d. b. n. c. t. a. of the Estate of Charles H. Baker, Deceased, v. The Philadelphia National Bank, Appellant.

*Equity—Referee's report—Costs—Decree for payment of costs.*

A court of equity has the power, not only to fix the master's fee, as well as other costs, in an equity case, but to make any necessary and proper order for their payment.

Where a referee in equity reports a form of decree, the court may enter the decree thus recommended, and add thereto a direction as to the payment of costs.

*Equity—Costs—Discretion—Review.*

Costs in equity are always within the discretion of the chancellor, and it is only where there is clear abuse of this discretion that the Supreme Court will interfere.

Argued Jan. 3, 1900. Appeal, No. 165, Jan. T., 1899, by defendant, from decree of C. P. No. 4, Phila. Co., June T., 1893, No. 267, on bill in equity. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Bill in equity for transfer of stock.

From the record it appeared that the case was referred to John A. Clark, Esq., as referee.

On May 21, 1898, the referee notified counsel that his report was ready to be filed. On July 1, 1898, the defendant settled with the plaintiff in accordance with the terms of the decree recommended by the referee. On July 11, 1898, neither party having filed exceptions, the referee filed his report in which he recommended the following decree:

This cause came on to be heard at this term, and was argued by counsel, and thereupon, upon a consideration thereof, it is ordered, adjudged and decreed that a new certificate for seventy shares of the capital stock of the defendant be issued by the defendant and delivered to the plaintiff, the said certificate to be in the name of the plaintiff as administrator d. b. n. c. t. a. of the estate of Charles H. Baker, deceased, or as trustee under the will of the said Charles H. Baker, and to pay the amount of the dividends declared thereon since the last payment of dividends to the last predecessor in title, or in the alternative, that the defendant pay to the plaintiff the value of the said seventy shares of stock at the time of the transfer, namely, $246.00 per share, with interest from January 10, 1891, being the date of the demand upon the said defendant.

No action was taken by the court until February 25, 1899, when the decree recommended by the master was entered with these words added: " that each bear its own record costs, and that the defendant pay the referee's fee of fifteen hundred dollars."

*Error assigned* was the decree of February 25, 1899.

*A. T. Freedley,* for appellant.—Where a referee has filed his report and form of final decree in an equity case, and no exceptions have been filed thereto, the court below cannot alter

the same several months thereafter and impose additional liability on the defendant: Chester Traction Co. v. Phila., etc., R. R. Co., 180 Pa. 432; Palethorp v. Palethorp, 184 Pa. 586; Janes's App., 87 Pa. 428; Bradley v. West Chester St. Ry. Co., 160 Pa. 72; Huston v. Clark, 173 Pa. 361.

Under ordinary principles of equitable jurisprudence the court should not now enter a new decree for payment of costs: O'Hara v. Stack, 90 Pa. 477; Gyger's App., 62 Pa. 80; Travis v. Waters, 1 Johnson's Ch. 88; Gladding v. Warner, 36 Vt. 54; Kreitz v. Frost, 55 Barbour, 474; Brace Bros. v. Evans, 6 Pa. C. C. Reps. 19; Clapp v. Thaxter, 7 Gray (Mass.), 386; Lewisburg Bank v. Sheffey, 140 U. S. 445.

Even if the court below had the power to enter the new decree such power should not be exercised in the present case.

*John G. Johnson,* with him *John Hampton Barnes* and *Geo. Tucker Bispham,* for appellee.—Costs in equity are in sound discretion of the court: O'Hara v. Stack, 90 Pa. 477; Grim v. Walbert, 155 Pa. 147; Miskey's App., 18 W. N. C. 100; Biddle's App., 19 W. N. C. 219.

In settling the costs the court may fix the master's fee: Woodward v. Brace, 139 Pa. 316.

OPINION BY MR. JUSTICE MESTREZAT, February 26, 1900:

The referee in this case filed his report on July 11, 1898. He found that the prayer of the plaintiff's bill should be granted and recommended a form of a decree. This decree was silent as to costs. On application of the plaintiff, the court, on February 25, 1899, entered the decree recommended by the referee with the addition " that each party to bear its own record cost, and that the defendant should pay the referee's fee of $1,500." This is the first and only decree entered by the court upon the referee's report.

The appellant assigns for error the action of the court in entering this decree, and in not entering the decree recommended by the referee.

The appellant contends that the court had no authority to enter any other decree than the one recommended by the referee. If that be true, the court was without power to dispose of the costs, and they must remain unpaid, for the only differ-

ence between the decree recommended and the one that was entered is that the latter directs the payment of the costs. But can it be seriously contended that the court had not the power to dispose of the costs and to make such order as it thought equitable and just in the matter? We think not. " A court of equity has the power, not only to fix the master's fee, as well as other costs, in an equity case, but to make any necessary and proper order for their payment: " Woodward v. Brace, 139 Pa. 316. There might have been two decrees entered by the court, the one recommended by the referee and the other for costs. But this was wholly unnecessary. Having the power to determine who should pay the costs, and no decree upon the report of the referee having been entered, the court was justified in including the order for their payment in the decree recommended by the referee.

In his argument the learned counsel for the appellant says : " The present question is whether, when no exceptions have been filed and a decree has been reported and filed by the referee, and has been fully paid by the defendant, the court can or will, many months thereafter, enter a new decree imposing an additional liability on the defendant." This language may be misleading. There had been no decree reported and filed by the referee when the appellant paid the appellee the amount found due by the referee's report. The payment was made July 1, 1898, but the report, with the decree therein recommended, was not filed until July 11, 1898. The payment, therefore, could not have been made to satisfy a decree reported by the referee or entered by the court. Nor was the decree of February 25, 1899, a new one, as contended by appellant's counsel. Prior to this decree, the court had taken no action on the report of the referee, and entered no decree. After an argument and a reargument on the referee's report, the court entered the decree of February 25, 1899.

The appellant contends that, even if the court had the power to enter a decree for the payment of the costs, it should not have been exercised in this case. An argument to support this contention was, no doubt, addressed to the court below, but it was without effect. As we have frequently said, costs in equity are always within the discretion of the chancellor, and it is only where there is clear abuse of this discretion that

we will interfere.   We see nothing in this case to take it out of the general rule, and to warrant us in interfering with the disposition of the costs made by the court below.

The assignments of error are overruled, and the judgment is affirmed.