Novy et al., Appellants, *v.* Novy et al.

Argued October 2, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Waldo P. Breeden,* for appellants.

*John E. Winner,* for appellee, was not heard.

OPINION BY MR. CHIEF JUSTICE KEPHART, November 23, 1936:

Two heirs of Christina Novy brought partition proceedings in equity, which were contested by the remain-

ing four heirs. The court ordered partition and appointed a master to conduct the proceedings, dividing the land among the heirs if possible, if not, to value it and report. From this order an appeal was taken by defendants, which was non-prossed. The master's preliminary report dividing the estate into six equal purparts was approved nisi by the court after exceptions filed thereto had been dismissed. A second appeal to this Court was taken from the order confirming the master's report and it was affirmed. Three of the defendants jointly made bids for all purparts above the valuation and they were awarded to them by the master. The bidders made no effort to comply with the award, whereupon the master and counsel for plaintiffs petitioned the court to tax their fees as costs. The defendants protested the counsel fees, but the court taxed them in the sum of $2500, together with a master's fee of $2000.

Thereafter the master presented what is termed an interlocutory report setting forth the award of the purparts to the three bidders, with a calculation of owelty, taxes, liens, charges and costs. This report was confirmed nisi, and, exceptions having been filed as to the calculations, the court sustained most of them and referred the report back to the master for further consideration, with the suggestion that additional testimony be taken to clarify the record concerning the exceptions. As the proceedings had been pending since 1931, the master also was ordered to close them promptly.

None of the parties attended further hearings as there had been an amicable adjustment of their difficulties. The master reported this agreement in a petition and asked for a rule upon the parties to show cause why one of the properties of the estate, embracing three of the six purparts, should not be sold for the payment of costs, including the master's and counsel fees. Defendants resisted the rule, contending that the court had not made a final award of the purparts of the estate to the bidders, the master had not filed a supplemental report, and the

agreement recited by the latter was not complete because the guardian of the minor plaintiff had not joined therein. The court ordered the three bidders to file a stipulation of their inability to comply with their bids and consent to public sale of the designated property for the payment of costs, otherwise the rule to be made absolute. Exceptions to the order were dismissed.

The first question presented is the taxation of counsel fees and master's fees as costs in a partition proceeding. In discussing this problem we are not concerned with the equitable principle that where professional services have been retained for the protection, enhancement or creation of a fund common to several parties, the court may direct that an allowance for these services be awarded to the party incurring the liability and the cost be distributed among the parties benefited: *Weed's Est.*, 163 Pa. 600; *Hempstead v. Meadville Theological School*, 286 Pa. 493; Wadlinger, Costs in Pennsylvania (1868), pp. 266-267; see *Evans v. Diamond Alkali Co.*, 315 Pa. 335, 338.

Costs are of statutory origin: *Hoedt v. Hoedt*, 60 Pa. Superior Ct. 5, 6, and the Act of April 27, 1864, P. L. 641, Sec. 1,[1] gives authority for the allowance of counsel fees in partition. While counsel fees ordinarily are payable to counsel, in partition proceedings under the Act they belong to the plaintiff or petitioner; this was a right he did not have at common law, though in practice counsel never lose control of this important item. As the Act imposed a new legal burden on the parties interested in such proceedings and created a new right as to counsel fees, it has been strictly construed.[2] The wide discretion

---

[1] "The costs, in all cases of partition in the common pleas, or orphans' court, of this Commonwealth, with a reasonable allowance to the plaintiffs, or petitioners, for counsel fees, to be taxed by the courts, . . . shall be paid by all the parties, in proportion to their several interests."

[2] *Biles's Appeal*, 119 Pa. 105; *Cooper's Estate*, 97 Pa. Superior Ct. 277; *Campbell's Estate*, 13 W. N. C. 144.

exercised in the matter of costs by a court of equity, where orders respecting them may be made as the justice of each case requires *(Penna. Co. for Ins. etc., v. Phila. Nat. Bank,* 195 Pa. 34), does not extend to the taxation of these costs. What is costs in partition proceedings is a substantive question, and the court's discretion is limited.

The Act makes reasonable counsel fees part of the costs in these proceedings and the courts have followed the practice of allowing them since its passage. The fees contemplated were only such as would compensate counsel in a reasonable amount for services rendered in the actual partition and for the common benefit of the parties in interest: *Grubbs's Appeal,* 82 Pa. 23; *Luzerne Assn. v. Peoples' Bank,* 142 Pa. 121; *Fidelity Ins., etc., Co.'s Appeal,* 108 Pa. 339; Trickett on Partition, (1900), p. 224. When, however, partition is contested in good faith, or when the services rendered are adverse to the other parties, the petitioner cannot recover as costs counsel fees earned by his attorney in litigating his right to partition: *Grubbs's Appeal,* supra; *Culp's Est.,* 26 W. N. C. 78; *Luzerne Assn. v. Peoples' Bank,* supra. No party other than the plaintiff or petitioner is entitled to the allowance: *Biles's Appeal,* supra; *Cooper's Estate,* supra; *Campbell's Estate,* supra. He must proceed for them, his attorney cannot sue, have them taxed, or appeal from an order reducing them.[3] If plaintiff does not see fit to take advantage of this provision of the Act for his benefit, there is nothing which counsel can do other than to look to his client for compensation for services rendered: *Pereyra's Appeal,* 126 Pa. 220. Counsel fees in partition are taxed by the court or under its direction, they are not fixed by the master: *Snyder's Appeal,* 54 Pa. 67; *Grubbs's Appeal,* supra; or

[3] *Pereyra's Appeal,* 126 Pa. 220; *Brown's Estate,* 131 Pa. 352; *Gibb's Estate,* 20 Dist. 50; but cf. *Clark's Appeal,* 93 Pa. 369.

by agreement of the parties: *Luzerne Assn. v. Peoples' Bank,* supra.

Under the rules relating to the taxing of counsel fees as costs in partition proceedings, the court below could not tax counsel fees as costs in the present case, for these reasons: First, these proceedings were adversary; the partition was bitterly contested from its inception and two appeals were made to this Court; all of the services performed by counsel were in behalf of their individual clients' right to partition. While these proceedings have not been carried through to a final partition, that alone might not defeat the claim. Here, after an extended legal contest, the parties amicably settled their difference; the services during the contest could not have been for the benefit of all, though the institution of the suit and services directly connected therewith may have been. The second reason for denying counsel fees is that the petition to tax them as costs was made by counsel themselves, not by the plaintiffs. As stated, these fees go to the plaintiffs and counsel have no standing to prosecute a claim for them. Their client, the adult plaintiff, contended against the fee and is an appellant here. The order directing the payment of the counsel fee as costs, taxed as it was, is ordered stricken off.

The question as to the master's fee is not so difficult. He is an officer of the court exercising quasi judicial duties; his fee is properly taxable as costs in partition regardless of whether or not the action is adversary. See *Playford's Est.,* 7 Pa. Superior Ct. 325. His fee is on a footing with the fee of the prothonotary and other court officers, and the cessation of the proceedings does not affect his right. A court of equity may, within its sound discretion, fix the fee of the master and assess it as the justice of the case requires: *Penna. Co. for Ins., etc., v. Phila. Nat. Bank,* supra; *Woodward v. Brace,* 139 Pa. 316. Such fees are recognized as costs at common law and, unlike counsel fees, may be recovered by

issuing an execution in the name of the party to whom the fee was awarded upon the decree or judgment: *Ranck v. Hill's Exr.,* 3 Pa. 423; *Bradley v. West Chester Street Ry.,* 160 Pa. 72. Although the plaintiff in partition is nominally entitled to such costs, he merely is trustee to collect the costs and turn over the proceeds to the master, who may act if plaintiff does not. Where the court orders the master's fee taxed as costs and paid by all the parties in equal shares, it is binding on all.

The only remaining question is whether or not the sale of these properties was properly ordered at this time. It is a recognized principle of law that a court of equity has the power to make any necessary and proper order for the payment of costs. And an execution for costs may properly issue upon an order or decree as upon a judgment at law under the Act of May 3, 1889, P. L. 78, Section 1: *Playford's Estate,* supra; *Bradley v. West Chester Street Ry.,* supra. In partition proceedings, where the property is sold, an accounting is ordered for the payment of costs out of the proceeds. If the property is taken by the heirs and there is no public sale, the costs may be charged against their proportionate shares of the valuation and the payment of costs may be enforced against the heirs or purchasers. While the present proceedings have not been discontinued and there is no decree finally disposing of the case, it is within the power of the court, with the record in the shape that it is, to decree payment of the costs and enforce that order in any appropriate way it deems proper as long as there is no abuse of discretion.

The decree of the court below is modified as to counsel fees. The remainder of the decree is affirmed with this addition, that within thirty days after the return of the record if all parties in interest do not pay the master's fee and costs, the order of sale will be carried into effect.

As modified, decree affirmed; costs to be taxed as part of the partition proceedings.