## Wilson et al. v. Myers et al.

*Wisler, Pearlstine, Talone & Gerber*, for plaintiffs.
*Alphonso Santangelo*, for defendants.

DANNEHOWER, J., November 14, 1950.—Following a private sale of real estate by the master in partition for the sum of $32,000 plaintiffs in this proceeding in equity for partition filed a petition for an award of

counsel fees in the sum of $1,000. To the rule granted thereon, only one of defendants, Somers L. Myers, answered that the sum of $1,000 was unreasonable and excessive. All the other parties, who owned a five-sixths interest in the real estate, have agreed to the amount of the fees. A detailed list of the services rendered has been filed showing a large amount of legal services during approximately a year and a half.

Counsel fees in cases of partition are taxed by the courts under authority of the Act of April 27, 1864, P. L. 641, sec. 1, 12 PS §1757.

"As the act imposed a new legal burden on the parties interested in such proceedings and created a new right as to counsel fees, it has been strictly construed. The wide discretion exercised in the matter of costs by a court of equity, where orders respecting them may be made as the justice of each case requires (Penna. Co. for Ins., etc., v. Phila. Nat'l Bank, 195 Pa. 34), does not extend to the taxation of these costs. What is costs in partition proceedings is a substantive question, and the court's discretion is limited": Novy v. Novy, 324 Pa. 362 (1936).

In Grubbs' Appeals, 82 Pa. 23 (1876), there was a reversal of an order setting counsel fees at $2,500 when the estate was valued at $175,000. A $40 counsel fee was sustained where there were two tracts appraised at $3,128.91 in Clark's Appeal, 93 Pa. 369 (1880). Counsel fees of $200 were said to be reasonable if the property is valued at $10,000, in Appeal of the Fidelity Insurance Trust and Safe Deposit Company, 108 Pa. 339 (1885). The property sold for $13,600 in Luzerne B. & L. Assn. v. Peoples' Bank, 142 Pa. 121 (1891) and the court disapproved an agreement that counsel fees be $680, and fixed the fees at $200. This was affirmed by the Supreme Court. Counsel fees of $5,000 were approved in Breen's Estate, 149 Pa. Superior Ct. 319 (1942), where the real estate was valued at $781,-

200, and there was an enormous amount of work involved. In Ehalt's Estate, 21 Dist. R. 290 (1911) the Westmoreland County Orphans' Court reconsidered a fee of $900 and reduced the fee to $650, when property worth $85,000 was involved. It was pointed out by Judge Bok, in Wilson et al. v. McHale, 61 D. & C. 444 (1947), that there were 12 properties, 1,000 telephone calls, a court record one-foot thick, five interlocutory master's reports, and formidable correspondence files when he ordered that counsel fees of $750 be taxed and the total value of the property was $20,000.

Recently Judge Pinola, of Luzerne County, approved the master's act of setting aside $3,500 for services of the attorneys. In Morrissey et al. v. Melan et al., 72 D. & C. 55 (1950) where the question of counsel fees is discussed at some length, the real estate was worth over $96,000 and there were additional rentals of $35,-000. There were at least three master's reports, 16 parcels of real estate, and 31 different rental units. It was pointed out that the amount reserved for counsel fees, to wit $3,500, was less than three percent (2.6 percent) of the total amount in the estate, $130,321.87. There was expert testimony that $3,500 under the circumstances was reasonable. It is noteworthy that seven of the eight defendants agreed to the allowance of counsel fees and did not contest.

In view of the foregoing, we must agree with the one defendant, Somers L. Myers, that counsel fees in the sum of $1,000 are a little excessive, considering the amount of legal services performed.

Therefore, a counsel fee of $800 will be allowed in partition proceedings involving a private sale of real estate for $32,000, where the services were extensive and where five out of six of the owners have agreed to the payment of the fee.

And now, November 14, 1950, for the foregoing reasons, the rule is discharged, with an allowance to

plaintiffs of $800 for counsel fees to be taxed as part of the costs and to be paid by all the parties in proportion to their several interests.