## Menapace v. Schultz

*Gary E. Norton,* for plaintiff.

*Franklin E. Kepner Jr.,* for defendant Geraldine McVeigh.

*Deanna R. Pealer-Wenzel,* for defendants Maggie VanKuyk, James Menapace, Michael Menapace and Francis Menapace.

MYERS, *P.J.,* May 24, 1989—Plaintiff has filed the instant motion seeking counsel fees in the above-captioned action in partition. Two groups of defendants have filed briefs opposing plaintiff's motion, which is presently before us for disposition.

Pa.R.C.P. 1574 states as follows:

"Rule 1574. *Costs and counsel fees*

"Costs shall be paid by the parties in proportion to their interest in the property. The compensation of appraisers, the master's fee and compensation of experts authorized by the court shall be taxed as part of the costs. Reasonable counsel fees may be charged against the property or fund resulting therefrom, and apportioned among the parties and their counsel in such amount and manner as the court shall deem equitable."

This rule allows counsel fees to be awarded under certain circumstances within the court's discretion. However, in cases where the partition action is contested, and the services performed by counsel are adverse to other parties, counsel fees are not recoverable. *Novy v. Novy,* 324 Pa. 362, 188 A. 328 (1936). In short, all legal services in order to be recoverable must be for the common benefit of all parties and not for adversarial litigation between two or more parties.

We must, therefore, examine the record to determine the extent of the adversarial nature of plaintiff's actions. Plaintiff filed the present partition action on August 4, 1986, after which default judg-

ments were obtained against all defending parties. The matter was then referred to a master in partition. After an appraisal, a private bid was held. It was understood that plaintiff would bid a fair price on the property.

However, plaintiff chose not to bid and indicated he was no longer interested in purchasing the property. Plaintiff has now brought this action, demanding that his counsel fees be apportioned among all parties.

We find plaintiff's actions to be adversarial in nature. He initially filed the within partition action as a means of obtaining the subject property, but then declined to purchase the property at fair market value. Plaintiff's actions and motives formed the sole basis for his incurring counsel fees, and he should, therefore, be responsible for payment of the same. Accordingly, plaintiff's petition must be dismissed.

## ORDER

And now, May 24, 1989, it is hereby ordered that plaintiff's petition for attorney's fees be dismissed.