## Girard Life Insurance, Annuity and Trust Company *v.* Bedford Coal & Iron Company.

*Mortgage—Foreclosure—Costs—Counsel fees—Compensation of trustee—Compensation of receiver.*

Where prior to foreclosure proceedings on a corporation mortgage, the trustee of the mortgage requires the bondholders to deposit with it a sum of money for costs, the trustee's compensation and counsel fees, and this amount is deposited on the understanding, that it is to cover not only the expenses of foreclosure, but also the expenses of the sale of the mortgaged property, and in the subsequent foreclosure proceedings the court does not direct that the sale shall be made by the trustee, but orders it to be made by a receiver previously appointed, the allowance to the trustee for compensation and counsel fees will not be determined by the amount deposited, but a reasonable deduction will be made on account of the re-

duced work to be done. On the other hand, the right of the receiver and his counsel to compensation ont of the fund raised by the sale is restricted to service rendered after the date of the decree of foreclosure.

In such a case where only one of the bondholders object to the amounts claimed by the trustee and receiver and allowed by the lower court, the appellate court will not disturb the decree further than is necessary to secure to the objecting bondholder the pro rata share of the fund for distribution which he would have received if the total allowances to the trustee and the receiver and their respective counsel had been fixed at the reduced sums.

Argued Nov. 7, 1901. Appeal, No. 204, Oct. T., 1901, by Harry Cessna, executor of John Cessna, deceased, from decree of C. P. Bedford Co., Feb. T., 1898, No. 1, distributing proceeds of sale in foreclosure proceedings, in case of Girard Life Insurance, Annuity and Trust Company v. Bedford Coal & Iron Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Decree modified.

Bill in equity to foreclose a corporation mortgage.

The facts are fully stated in the opinion of the Superior Court.

*Error assigned* was the decree of distribution.

*Harry Cessna*, for appellant.—The charges were unreasonable: Kunkel's App., 192 Pa. 14; Carrier's App., 79 Pa. 230; Clauser's Est., 84 Pa. 51; Berryhill's Administratrix's App., 35 Pa. 245; Norris's App., 71 Pa. 106.

*John S. Weller*, for appellees, cited: Freeman v. Shreve, 86 Pa. 138; Totten's App., 40 Pa. 387.

OPINION BY RICE, P. J., April 28, 1902:

In May, 1891, the defendant executed and delivered to the plaintiff a mortgage or deed of trust for the purpose of securing the payment of the principal and interest of certain bonds issued by the defendant amounting in the aggregate to $150,000. In September, 1897, upon a bill filed by certain of the bondholders, a receiver was appointed for the defendant company.

In November, 1897, pursuant to the request of a majority in interest of the bondholders, the plaintiff instituted the present

suit for the foreclosure of the mortgage.   One of the prayers of the bill was that the plaintiff be ordered to make the sale.

The property covered by the mortgage, as specifically described in the bill, consisted of seventy-six tracts of land, some owned by the company in fee and others on leases, in which royalties were to be paid, and several small tracts and leases of the company.   The amount of the bonds outstanding at the time of the filing of the bill was $144,000.

An answer was filed by the company admitting the facts alleged in the bill.   The receiver was also permitted to file an answer, in which it was alleged and claimed, inter alia: first, that it would be detrimental to the best interests of all parties concerned to grant the relief prayed for, for the reason that the company had a valuable contract, " under the provisions of which it derives a large income, which its receiver will apply to the payment of the interest on the defendant's bond issued and outstanding ; " second, that the court having acquired full and complete jurisdiction of the subject of litigation as well as the parties in the suit in which he was appointed receiver, the plaintiff was " not entitled to the relief prayed for in this separate and independent action, as the court has full power under said proceedings to protect and define the rights of all parties interested."

George G. Tarbell filed a petition alleging that he was the holder of eleven bonds and had rights superior to other bondholders, and praying that he be permitted to intervene and make proof of the legal status and rights of the several bondholders or pretended bondholders, before a sale of the property should be permitted to be made.   Upon this petition a rule to show cause was granted, but it was not served, and no further steps were taken by him to establish his claim of priority, prior to the foreclosure decree.

On March 19, 1900, the cause having come on to be heard on bill, answers and replication, the court made a formal and extended decree substantially in accordance with the prayers of the bill, excepting that, instead of directing the plaintiff to make the sale, Mr. Kerr, the receiver, was appointed commissioner to make it.

On the day of sale first advertised a bid of $1,000 was made. This being the only bid, the sale was postponed at the request

of a representative of the bondholders, until a later day, when the property was sold for $14,700. The report of sale was confirmed on August 1, 1900, and the commissioner directed to make distribution of the proceeds of sale in accordance with the foreclosure decree, and to report the same to the court for approval and confirmation.

In the foreclosure decree the court directed the commissioner to distribute and apply the proceeds of sale as follows : " First, to the payment of the costs of this cause, and of all proper expense attendant upon said sale or sales, including the payment of all charges, compensations, allowances and disbursements of the complainant, the Girard Life Insurance, Annuity & Trust Company, and its solicitor, and of the commissioner, his solicitor and counsel, and also all such other proper allowance, compensation and disbursements to the parties, or their counsel, as the court shall order, all the payments under this subdivision shall be hereafter fixed and allowed and taxed by the court."

In his account and statement of expenses amounting in the aggregate to $3,180, arising out of the foreclosure of the mortgage and sale of the property, which, in connection with a distribution of the balance of the proceeds of sale, the commissioner submitted for the allowance and approval of the court, he recommended that the following items be allowed: (1) To the trust company " for services in foreclosure proceedings," $500 ; (2) to the solicitor of the trust company " for professional services in said proceedings," $500 ; (3) to the same, " expenses of telephone, telegrams and traveling," $46.20 ; (4) to the commissioner, " for services as commissioner including his commissions," $968.80 ; (5) to his counsel, " for professional services in said proceedings as counsel for commissioner," $800 ; making in all $2,815. The appellant excepted to these items upon the ground that they were excessive in amount, but these exceptions were overruled and after final decree of distribution he took this appeal. He has assigned for error the allowance of the first, second, fourth and fifth items above mentioned.

The propriety of allowing reasonable compensation, to be paid out of the fund, to the trustee and the commissioner and their respective counsel, for services rendered in the creation of the

fund, is clear.   Such services were rendered for the common benefit of all the parties interested ; and there is nothing in the record of the proceedings or in the testimony to warrant an argument, even, that either of these parties had forfeited the right to receive compensation therefor.   The only question which needs discussion is as to the amount.   We fully recognize the principle that the court below should have considerable latitude of discretion upon that subject, since it has better means of knowing what is just and reasonable than an appellate court can have : Weed's Estate, 163 Pa. 600.   Nevertheless, a right of appeal is given to the parties interested; therefore, an appellant has a right to have the decree of the court below revised and corrected, if error plainly appears, although the pecuniary injury to him may not be great.

It will be noticed that the services of the plaintiff and its counsel ended with the decree of foreclosure, and that the duties of the commissioner and his counsel began at that point. It appears by the testimony of the plaintiff's counsel, that before the foreclosure proceedings were instituted they were consulted by the representative of certain of the bondholders as to the probable expenses, and that the trust company, as it does in all other similar cases, required the deposit of sufficient money or the giving of sufficient security to meet its own charges and the charges of its counsel and the cost of printing and filing the bill; that the amount determined upon was $1,200,—$500 for the trust company, $500 for its counsel, and $200 for expenses and costs ; and that this sum was deposited.   As to the services which this sum was intended to cover we quote from his testimony.   Being asked whether it was the understanding that the total charges of the trustee and its attorney shall not exceed $1,000, he said : " I had no understanding, but the trust company required security to that amount, for the purposes suggested in the question to be deposited with it, before it undertook the proceeding in the foreclosure, and that sum was fixed because the trustee and its counsel then stated that unless something unforeseen occurred, that amount would cover the compensation of the trustee and its counsel for the services which would probably be rendered in such a proceeding by the trustee and its counsel in foreclosing the property and conduct-

ing the sale thereof, according to such orders as the court might make, and that same sum of $1,000 was deposited."

That nothing unforeseen occurred to increase the charge for the services contemplated is apparent from our extended recital of the proceedings, unless it might be the expense incident to the argument of the question raised by the receiver's answer, but in another part of his testimony the witness says, that arguing the question raised by the proceedings "and the conflicting rights of the parties" was taken into account. Finally, when asked whether in his judgment and according to his experience as a member of the bar, he would deem the sum of $1,000 a fair and reasonable compensation, he answered in the affirmative.

We refer to the foregoing testimony, not as showing a binding contract enforceable in this proceeding—for, of course, the rights of the parties under any contract that the trust company may have made with the depositor cannot be determined here—but as showing the estimate made by the trustee and its counsel of what would be a fair and reasonable compensation for the services contemplated, which, as we have seen, included services in making the sale. We see no good reason why, in fixing the compensation of the trustee and its counsel, the court should go beyond their own estimate. And as they were not called upon to render all the services for which the sum of $1,000 was deemed by them sufficient compensation, it would seem plain that there should be a corresponding reduction in the amount.

As already noticed, the duties of the commissioner and his counsel began with the decree of foreclosure. Their right to compensation out of the fund is restricted to service rendered after that date. Services rendered before that date while the former was receiver, although with the expectation that the property would come to a sale, cannot be taken into account in fixing their compensation in this proceeding; certainly not, without clear proof that they were directly instrumental in bringing a better price for the property. From an examination of the testimony of the commissioner, we cannot escape the conclusion, that to some extent his services as receiver were taken into consideration in fixing the amount of these charges. Therefore, while entirely agreeing with the learned judge be-

low in believing that the parties concerned would not place an exorbitant value on their labors, we are also of opinion, that so far as the liability of this fund is concerned, it was calculated on an erroneous basis.

We cannot further discuss the questions raised by the assignments of error without prolonging this opinion unduly. We must, therefore, be content with the statement of our conclusion, arrived at after a patient examination of the proceedings and the evidence, and due consideration of the adjudicated cases relative to allowances in analogous proceedings, that, in addition to reimbursement for actual expenditures, an allowance of $1,500, for services directly and necessarily rendered in the foreclosure and sale would be adequate.

It is stated in the appellee's paper-book that before the charges of the commissioner and his counsel were submitted to the court for approval they were submitted to the bondholders, excepting the appellant, that not one of them raised any objection whatever to the charges, and that they were thoroughly satisfied and so expressed themselves. The depositions fail to show this fact, affirmatively, nevertheless it is a fact, that with the exception of the appellant, none of the bondholders excepted to the allowances, and none of them has joined in this appeal. Possibly, they had knowledge of facts, not disclosed in the evidence submitted for our consideration, which satisfied them of the pertinency and reasonableness of the charges, and which, if they had appeared in this record, might have led us to a different conclusion from that above stated. But we will not speculate as to that. So far as the record shows, they have not complained and are satisfied with the decree. Under the special circumstances of the case we are of opinion that the decree should not be disturbed further than is necessary to secure the appellant the pro rata share of the fund for distribution which he would have received if the total allowances to the trustee and the commissioner and their respective counsel had been fixed at the sum above stated.

It is, therefore, ordered, adjudged and decreed that the amount awarded to Harry Cessna, executor, be increased from $1,560.23 to $1,732.23 ; to make up which difference the sum of $31.00 is deducted from the amount awarded to the plain-

tiff; the same sum from the amount awarded to its solicitor; $62.00, from the amount awarded to the commissioner; and $48.00, from the amount awarded to his counsel. As thus modified and amended, the decree is affirmed; the costs of this appeal to be paid by the appellees.