## Ihmsen *versus* Ormsby *et al.*

A decree, in partition, in the Orphans' Court, is only conclusive as to the lands embraced in it; the parties may show, in a subsequent ejectment, that they are joint owners, as heirs of the decedent, of other lands not included in the former partition.

ERROR to the District Court of *Allegheny county.*

This was an ejectment by Christian Ihmsen against Oliver H. Ormsby and others, heirs and legal representatives of Oliver Ormsby, deceased, for one undivided third part of a tract of 25 acres of land, in Lower St. Clair township.

The plaintiff showed a survey for a tract of 370 acres 154 perches, by the name of "Bergen op Zoom," to John Ormsby, Sr., dated the 6th June 1786, a warrant of acceptance of the 4th April 1788, and a patent of the 11th April 1788. John Ormsby, Sr., left two children, Oliver, the ancestor of the defendants, Sidney,

[Ihmsen *v.* Ormsby *et al.*]

intermarried with Isaac Gregg, and a grandchild, Mary Swazey, who was the issue of John, a son of the said John Ormsby, Sr., who died before his father. The plaintiff showed title under Mary Swazey; and proved that the *locus in quo* was a part of the tract called Bergen op Zoom.

The defendants claimed title under Charles S. Bradford, under two patents dated the 8th February 1837, and 9th November 1838. Bradford conveyed the premises to them by deed dated the 30th December 1837. He was the defendants' agent, at the time the warrants were laid upon this land.

The defendants also gave in evidence the record of proceedings in partition in the Orphans' Court of Allegheny county, in 1858, on the petition of the plaintiff; showing a partition of the Bergen op Zoom tract, with the defendants, and the heirs of Sidney Gregg, the description in the said petition not embracing the land in dispute.

The court below instructed the jury to find for the plaintiff, subject to the opinion of the court on a point reserved, viz., whether the proceedings in partition in the Orphans' Court did, or did not, estop the plaintiff from recovering in this action. A verdict was found, accordingly; and the court below, subsequently, being of opinion that the plaintiff was estopped, gave judgment for the defendants, on the point reserved, *non obstante veredicto;* which was here assigned for error.

*Williams* and *Shannon,* for the plaintiff in error, cited 1 *Greenl. Ev.,* §§ 22, 204, 522, 528; 4 *Kent Com.* 261, note c.; 3 *Hill* 219; Pelletreau *v.* Jackson, 11 *Wend.* 117; Jackson *v.* Waldron, 13 *Id.* 178; 3 *Rawle* 327; 2 *Sm. Lead. Cases* 474; Hibshman *v.* Dulleban, 4 *Watts* 183; Jones *v.* Losser, 1 *Dev. & Bat.* 464; Blake *v.* Tucker, 12 *Verm.* 44; Law *v.* Patterson, 1 *W. & S.* 184; McMasters *v.* Carothers, 1 *Barr* 324; Mehaffy *v.* Dobbs, 9 *Watts* 363; Christian *v.* Dripps, 4 *Casey* 271.

*Burgwin,* for the defendants in error, cited 2 *Sm. Lead. Cas.* 424, 431; 3 *Phil. Ev.* 845; 1 *Greenl. Ev.,* § 534; Rex *v.* St. Pancras, *Peake N. P. Cas.* 219; *Miller on Partition* 48; Van Orman *v.* Phelps, 9 *Barb.* 500; McLaughlin *v.* Shields, 2 *Jones* 287; Marsh *v.* Pier, 4 *Rawle* 289; Root *v.* Crock, 7 *Barr* 378; Jackson *v.* Hasbrouck, 3 *Johns.* 331; Rex *v.* Rex, 3 *S. & R.* 540; *Gordon on Decedents* 358; Eell's Estate, 6 *Barr* 457; Welland Canal Co. *v.* Hathaway, 8 *Wend.* 483; George's Appeal, 2 *Jones* 260; Herr *v.* Herr, 5 *Barr* 428; Painter *v.* Henderson, 7 *Id.* 52.

The opinion of the court was delivered by

STRONG, J.—This was an ejectment brought by Christian Ihmsen, who is also the plaintiff in error, and who claimed as the alienee

of one of the heirs of John Ormsby. The jury returned a verdict for the plaintiff for one undivided third part of the land described in the writ, subject to the opinion of the court upon a question reserved. That question was whether the record of a certain proceeding in partition in the Orphans' Court did or did not estop the plaintiff from recovering in the action. The court below was of opinion that it did, and rendered a judgment for the defendants, *non obstante veredicto.*

The tract of land in controversy was, as found by the jury, part of a larger tract called Bergen op Zoom, the title to which was in the plaintiff, the defendants, and a third party. It would seem that the lines of this larger tract had not been fully known, and a warrant had been taken out for a part of it by Charles S. Bradford, who subsequently obtained a patent and conveyed it to the defendants. Afterwards, Christian Ihmsen, the plaintiff, presented his petition to the Orphans' Court, representing that John Ormsby had died intestate seised *inter alia* of the tract called Bergen op Zoom, and praying for partition thereof among the decedent's heirs and legal representatives. The petition described the tract in part as " beginning at a post on the line of a tract called " Mount Oliver," thence by land patented to Charles S. Bradford, Esq.; south seventy-six degrees east, one hundred and forty-eight perches and one-fourth ; thence by the ' Sugar-Tree Hill' tract," &c. Upon the presentation of this petition, the Orphans' Court decreed partition, and the land described in it was set off by metes and bounds among the parties to the proceeding. The inquiry presented by the reserved question, is whether this record estops the plaintiff against setting up his title, as alienee of one of the heirs of John Ormsby, to that part of the Bergen op Zoom tract which was not included in the partition, and which had been patented to Charles S. Bradford.

If this be an estoppel at all, it is not an equitable one by matter *in pais,* but a legal one by matter of record. Was the decree in partition then an adjudication that the plaintiff had no title to the land for which his ejectment is brought? for the averment of such a title is what he is claimed to be concluded against making.

The decree in partition, like any other judgment of a court of competent jurisdiction, is conclusive between the parties as to all matters which were adjudicated directly, and as to all facts which were essential to the adjudication. It established finally that the parties were joint owners of the land of which partition was asked, but it did not relate to the same property which is in controversy in this ejectment. The subject-matter of the two cases is not the same. In no sense can the decree be regarded as a determination that the parties had no joint interest in any other land than that included in the partition, and of course it did not directly negative the right of the plaintiff to the land now in dispute. Nor was

[Ihmsen v. Ormsby et al.]

there anything essential to the adjudication which involved a denial of title in the plaintiff to any land not described in the petition. It is to be observed, that while the judgment of a court of competent jurisdiction is conclusive of the thing directly decided, it is not so of any matter incidentally involved, nor of anything argumentatively inferred from it. This is the rule laid down by Chief Justice DE GREY, in the Duchess of Kingston's Case, 13 State Trials 261, and it admits of no exception. It is also fully reasserted in Hibshman v. Dulleberne, 4 Watts 190. To make this record an estoppel to the plaintiff's recovery in the ejectment, therefore, it is not sufficient to show that the boundaries of the Bergen op Zoom tract were described in a particular mode, so as to exclude the land now in controversy, unless that description, or the fact stated, was essential to the judgment of partition.

The argument of the defendants in error is that it was the duty of the petitioner to include in his petition to the Orphans' Court all the lands of which John Ormsby had died seised, and therefore the decree in partition necessarily implied that he had done so. The inference deduced from this is that the decree determined that he did not die seised of the tract now in dispute. This is, however, but an inference, and, what is more, an inference from an inference. Under the rule, as stated, the decree of the Orphans' Court does not conclusively establish any such fact. It is true that, ordinarily, in proceedings in partition in that court it is incumbent upon the petitioner to bring before the court the whole of the real estate of the decedent, subject to partition. If it appears affirmatively, on the presentation of the petition, that all is not included, the inquest should be refused, and if on the return of the inquisition this defect became manifest, the proceedings should be quashed. This results, however, only from the inconvenience of a partial partition. It is not positively required by the statute, and it is impossible when part of the lands are held adversely, either by one of the heirs of the decedent, or by a stranger. The Orphans' Court cannot make partition of lands, unless joint tenure between the parties is acknowledged or has been judicially established: McMasters v. Carothers, 1 Barr 324; Mehaffy v. Dobbs, 9 Watts 363. But it does not inevitably follow from this, that if partition be made, without objection, of part in which joint tenure is confessed, the parties are debarred from asserting that other lands descended to them from the decedent. In the case now before us, the petition on its face reveals that John Ormsby died seised of other lands than those described. If then the defect was anything more than an irregularity, if it amounted to a want of jurisdiction, if, as is contended, the Orphans' Court could not have made partition except upon the hypothesis that the whole of the decedent's lands were before it, then in this case both the petition, and the verdict of the jury in the ejectment,

[Ihmsen *v.* Ormsby *et al.*]

establish its want of jurisdiction, and the decree in partition is conclusive of nothing. This argument therefore proves too much, and consequently forces a denial of the premises upon which it is based. It is not true, therefore, that the decree of the Orphans' Court was necessarily an adjudication that the parties, as heirs and legal representatives of John Ormsby, held in joint tenure no other land than that of which partition was decreed.

The defendants in error also contend that, the petition to the Orphans' Court having described the tract of land, partition of which was asked, as bounded "by land patented to Charles S. Bradford," the decree established finally that the line of the patent was the boundary of the Bergen op Zoom tract. We do not think so. It was not the purpose of the partition to settle a question of boundary. The only necessary inquiry was whether the parties held joint tenure in the lands described. To determine this, it was not essential to inquire who might be the owner of adjoining lands, or where the division was between them. That was an inquiry outside of the subject-matter of investigation. But if it were conceded, that the plaintiff by his petition, and the Orphans' Court by their decree thereon, had fixed the line of the Charles S. Bradford patent as a line of the Bergen op Zoom tract, it is only argumentatively that it can be inferred that the plaintiff's title was negatived to any land outside of that line. But even a judgment does not conclusively establish an argumentative inference from it. We think, therefore, that the court erred in their opinion upon the reserved point, and the judgment must be reversed.

Judgment reversed, and judgment entered for the plaintiff upon the verdict.