Syllabus.

*Mr. Henry A. Fuller,* for the appellant.

Counsel cited: Endlich on Stat., §§ 2, 4, 17; Pittsburgh v. Kalchthaler, 114 Pa. 552; Olive Cemetery Co. v. Philadelphia, 93 Pa. 129; Erie City v. Church, 105 Pa. 278.

*Mr. William S. McLean,* for the appellee, was not heard.

In the brief filed, counsel cited: 2 Dill. on Mun. Corp., 2d ed., § 230.

PER CURIAM:

Judgment affirmed.

---

## LUZERNE B. & S. ASS'N v. PEOPLES' BANK.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
OF LUZERNE COUNTY

Argued April 16, 1891—Decided April 27, 1891.

(*a*) The counsel fees of the plaintiff in partition, as fixed at a sum certain by agreement with the defendant's counsel, were taxed by the court and ordered to be paid out of the fund. After payment, the defendant, alleging that his counsel was without authority to make the agreement, at once moved that the order of allowance be revoked:

1. In such case, the want of authority being shown, and the agreement disaffirmed by the defendant, it was not error to revoke the order of taxation of the counsel fees, and to proceed to a re-taxation thereof, under the act of April 27, 1864, P. L. 641, as though the agreement of counsel had not been made.

2. To authorize the court to act upon an agreement of counsel fixing the plaintiff's counsel fees, the assent of the parties to the partition proceedings should be clear and beyond dispute; and where the proceedings are adversary, the counsel fees are to be taxed as costs, not by the parties or by the attorney, but by the court.

3. Under the said act of April 27, 1864, the court is bound to tax the allowance of counsel fees, simply as part of the costs, capable of calculation in view of professional services actually rendered, and not as a commission at a rate per cent upon the amount of the fund in court: Grubbs' App., 82 Pa. 29.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

Opinion of Court below.

No. 121 January Term 1891, Sup. Ct.; court below, No. 488 May Term 1889, C. P.

On April 22, 1889, the Luzerne Building & Savings Association of Pittston brought an action of partition against the Peoples' Savings Bank of Pittston. The cause was so proceeded in that on June 28th an order of sale was issued directed to the sheriff, returnable to the first Monday of October.

On October 16, 1889, on presentation of the affidavit of plaintiff's attorney and an agreement of counsel, the fees of plaintiff's attorney in the case were taxed at the sum of $680, and the sheriff was directed to pay the said sum to said attorney forthwith out of the funds in his hands. The next day, October 17th, the sheriff made a return to the order of sale setting forth a sale of the premises for the sum of $13,600, the payment thereof by him of the costs in full, including the plaintiff's counsel fee of $680 as fixed by the court, and of the balance in equal shares to the plaintiff and defendant; the deed to the purchaser was acknowledged also.

On October 31, 1889, on motion in behalf of the defendant bank, a rule was granted upon the plaintiff's attorney, to show cause why the order of October 16th, fixing the attorney's fees at $680, should not be revoked.

After argument upon testimony taken, the court, WOOD-WARD, J., on October 27, 1890, filed the following opinion:

The order made by this court on October 16, 1889, was based upon the petition of the plaintiff's counsel, setting forth the character of the services rendered by him in the proceedings in partition, which resulted in the sale of the Butler House property, in the borough of Pittston, for the sum of thirteen thousand six hundred dollars. The prayer of the petition was for an allowance of five per centum on this sum, as compensation for professional and clerical services rendered by the petitioner, and to this was annexed the written approval of the counsel for the defendants, and an agreement that the compensation or fee be fixed at six hundred and eighty dollars. We are now asked to revoke this order; first, for the reason that the counsel for the defendant was not authorized by his client to approve of and agree to this adjustment, and furthermore,

Opinion of Court below.

because, at the time of making the agreement, the defendant's counsel was not of sound mind, having suffered a partial loss of his mental faculties, by reason of a recent stroke of paralysis.

Without dwelling at any length upon this branch of the case, we feel bound to say, that under the evidence submitted to us in the depositions, we are not satisfied that the counsel for the defendant acted by authority of his client, express or implied, when he made the agreement; and, independently of his mental condition at the time, it is therefore very doubtful whether it would be bound by his contract: see Housenick v. Miller, 93 Pa. 514; North Whitehall Tp. v. Keller, 100 Pa. 108; Mackey v. Adair, 99 Pa. 147.

In the case of Swinfen v. Swinfen, an English authority referred to by our Supreme Court in Stokely v. Robinson, 34 Pa. 318, a compromise had been made by counsel in an issue devisavit vel non, directed by the Master of the Rolls to try the validity of a will. Notwithstanding the fact that the agreement was embodied in an order at nisi prius, and was made a rule of court, both the Master of the Rolls, and, on appeal, the Court of Chancery, refused to decree performance of the agreement against the objection of the client. And the ground of the ruling was, that an attorney has no authority to compromise a suit without the authority or sanction of the client.

The act of April 27, 1864, § 1, P. L. 641, provides, that " The costs in all cases of partition in the Common Pleas or Orphans' Court of this commonwealth, with a reasonable allowance to the plaintiffs, or petitioners, for counsel fees, to be taxed by the court or under its direction, shall be paid by all the parties in proportion to their several interests." To justify a court in accepting and acting upon an agreement which relieves them of the responsibility imposed by this statute, the assent of both parties to the proceedings in partition should be clear and beyond dispute. It now appears from the testimony in this case: first, that the counsel for the defendants acted in the premises without any distinct authority from his clients in reference to the amount of the fee to be allowed Mr. Bohan ; and secondly, that upon hearing of the agreement and the order of the court made in pursuance of it, they refused to affirm the action of their own attorney, and at once asked for a revocation of the order. Under these circumstances, it would seem that the

question now presented must be disposed of by us just as if the agreement of October 16, 1889, were out of the case.

The proceedings in partition in this case were instituted under and in pursuance of the statutes, and were in no sense amicable. It would no doubt be competent for tenants in common to make an agreement for a partition of an estate, and proceed to carry it into effect without recourse to a court either of law or equity : see Mellon v. Reed, 114 Pa. 653. And in such case the agreement to compensate counsel, either by fixing the amount of the fee, or by consenting to a certain commission upon the sum raised by a sale of the premises, would be good and valid in all respects. But where the proceedings are adversary, and suit is instituted under the statutes, the act of April 27, 1864, requires that the compensation of counsel shall be taxed as costs, not by the parties or by the attorney himself, but by the court. And as was said by our Supreme Court, in Grubbs' App., 82 Pa. 29 : " The act had relation to costs capable of calculation and ascertainment, and not to such fees as counsel and client are accustomed of themselves to adjust. The services for the performance of which the statute was meant to provide were searches, formal motions, the preparation of papers and conveyancing ; in a word, for such professional duties as would properly enter into the bill of costs of an attorney under the English practice. Counsel fees, in the ordinary sense, such as are paid to a barrister for a trial in court, were not in contemplation, " etc. See also Shoemaker v. Everhart, 4 Kulp 183 ; Monestier v. Monestier, 17 W. N. 255, and cases cited.

The act of April 27, 1864, and the decisions of our courts, leave no room for doubt that, in a case like the one under consideration, the court is bound to tax the allowance of counsel fees simply as part of the costs, capable of calculation in view of services actually rendered, and not as a commission upon a fund in court. And in our judgment, guided by this rule of the law, a reasonable allowance for counsel fees in this case would be the sum of two hundred dollars, to be paid by the parties to the partition in proportion to their several interests.

The rule is made absolute, and the fee of counsel is fixed at two hundred dollars.

—An exception having been sealed, the plaintiff association took this appeal, specifying that the court erred :

1. In not discharging the rule granted October 31st.
2. In revoking the order of October 31st.

*Mr. John T. Lenahan* (with him *Mr. C. F. Bohan*), for the appellant.

That the order made was a final judgment which it was error to revoke, counsel cited: Grubbs' App., 82 Pa. 23 ; Breden v. Gilliland, 67 Pa. 34 ; King v. Brooks, 72 Pa. 363 ; McCutcheon v. Allen, 96 Pa. 323 ; Dikeman v. Butterfield, 135 Pa. 236 ; especially after the order had been performed : Hassler's App., 5 W. 176 ; Kost's App., 107 Pa. 143 ; Hummel's App., 2 Cent. R. 346 ; Palmer v. Truby, 136 Pa. 556 ; Hageman v. Salisberry, 74 Pa. 285 ; Evans v. Meylert, 19 Pa. 410 ; Pereyra's App., 126 Pa. 220 ; Bispham's Eq., 336 ; Wright v. Sewing Machine Co., 82 Pa. 82 ; Freeman on Judgments, 2d ed., 466 ; Reber v. Wright, 68 Pa. 476 ; Cyphert v. McClune, 22 Pa. 197.

*Mr. W. H. McCartney*, for the appellee, was not heard.

In the brief filed, counsel cited : Pereyra's App., 126 Pa. 220 ; Snyder's App., 54 Pa. 67 ; Grubbs' App., 82 Pa. 23 ; Fidelity Co.'s App., 108 Pa. 340 ; Biles's App., 119 Pa. 105.

PER CURIAM :

The order of the court below, which is assigned for error here, was fully justified by the facts. We need not add anything to what the learned judge has so well said. We affirm the case upon his opinion.

Order affirmed.

---

## JOHN C. PERRY v. A. M. JENSEN, ADMX.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 3 OF PHILADELPHIA COUNTY.

Argued January 22, 1891—Decided May 4, 1891.

(*a*) Jensen employed Perry as his agent to sell proprietary tablets, under a written contract to continue for many years, with a provision that