## Breen's Estate.

Argued May 5, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*John H. Lauer,* with him *John B. Sullivan, Jr.,* for appellant.

*J. Howard Devlin,* for appellee.

OPINION BY KELLER, P. J., July 23, 1942:

Thomas F. Breen, late of Allegheny County, Pennsylvania, died testate January 30, 1937. At the time

of his death he owned 225 pieces or parcels of land in Allegheny County—nearly all improved with buildings —having an assessed valuation of $781,200. He gave and devised his residuary estate, including said real estate, to his four children, in the following proportions: Walter A. Breen, 35%; Francis J. Breen, 21⅔%; Mary J. Carroll, 21⅔%; Ellen Kane, also known as Ella A. Kane, 21⅔%.

On October 6, 1939, the appellee herein, Ella A. Kane, presented her petition in the orphans' court asking that partition of said real estate be made to and among the parties interested.

An immense amount of work was entailed in the examination of the real estate owned by the decedent, securing the proper description of the same, the changes with respect to it that had occurred since the death of the decedent through foreclosure proceedings, the searches, etc., which were necessary for the preparation of said petition and the initiation of said proceedings, which proceedings had to embrace *all* the real estate of the decedent, within the county.[1] The attorneys representing the petitioner paid out five hundred dollars for obtaining the descriptions of said pieces of real estate and making necessary searches. Prior to the filing of the petition numerous consultations, extending over nearly two years, were had by said attorneys with petitioner and the other parties in interest.

Citations to the other parties interested were served on October 7, 1939, and commencing November 23, 1939, the extended return day of the citation, and continuing until the filing in court on November 20, 1940 of the stipulation partitioning the real estate, negotiations

---

[1] Otherwise the inquest might be refused or the proceedings quashed: *Ihmsen v. Ormsby*, 32 Pa. 198, 201; *Everhart v. Shoemaker*, 2 Walker 158, 164; *Rex v. Rex*, 3 S. & R. 533, 540; Scott on the Intestate Law, 2d Ed. p. 653, note 2; Trickett's Law of Partition in Pennsylvania, p. 55.

were frequently had by petitioner's attorneys with the other parties in interest, of which the court was kept informed and with respect to which it gave advice and instructions.

The decree of the court approving and confirming said stipulation has been fully executed.

On June 30, 1941, the petitioner, Ella A. Kane, presented to the orphans' court her petition praying for the allowance, as part of the costs, of counsel fees in the sum of ten thousand dollars, under the Act of April 27, 1864, P. L. 641.

To this petition separate answers were filed by Francis J. Breen and Walter A. Breen denying the right of the petitioner to any allowance for counsel fees as part of the costs of said proceeding.

The matter came on for hearing on September 10, 1941 and on November 14, 1941, the court filed its opinion and decree awarding the sum of five thousand dollars as a reasonable allowance to petitioner for counsel fees for the services rendered for the common benefit of all the parties in interest, to be taxed as part of the costs in the proceedings.

The opinion, by Judge CHALFANT, discriminates clearly between the necessary legal services rendered for the benefit of all the parties in interest, which should be paid by all the parties, in proportion to their respective interests, as part of the costs, and those rendered for the individual benefit of the petitioner, which must be paid by her alone.

Judge CHALFANT said:

"The opinion in *Novy v. Novy*, 324 Pa. 362 (366), states: 'The Act [of April 27, 1864, P. L. 641] makes reasonable counsel fees part of the costs in these proceedings and the courts have followed the practice of allowing them since its passage. The fees contemplated were only such as would compensate counsel in a reasonable amount for services rendered in the actual par-

tition and for the common benefit of the parties in interest: *Grubb's Appeal,* 82 Pa. 23; *Luzerne Assn. v. People's Bank,* 142 Pa. 121; *Fidelity Ins., etc., Co.'s Appeal,* 108 Pa. 339; Trickett on Partition (1900), p. 224. When, however, partition is contested in good faith, or when the services rendered are adverse to the other parties, the petitioner cannot recover as costs counsel fees earned by his attorney in litigating his right to partition.'

"That counsel for petitioner performed valuable services in connection with this case cannot be denied, but the question is, how much of these were rendered for the common benefit of all the parties? After the filing of the petition and the service of citation each devisee had his own counsel and they all had a part in the ultimate amicable division of the estate. The services rendered by counsel for petitioner after that time were for the benefit of his own client, and nothing can be allowed as costs chargeable to the estate; *Novy v. Novy,* supra.

"The preparation of the petition involved a great amount of work and responsibilities. The amount paid by counsel, to-wit, five hundred dollars, for obtaining the descriptions of two hundred thirty or more pieces of real estate and making searches cannot be taken as the value of the services. The setting forth of these descriptions included much work, care, and responsibility, and the value of the real estate, to-wit, about seven hundred eighty thousand dollars, must be given consideration, also the fact that the proceedings are not yet completed.

"One of the expert witnesses for petitioner, a lawyer with experience in such matters, thought that ten thousand dollars would be a reasonable fee. He was asked on cross-examination: 'Now, assuming, Mr. McIntyre, that the petitioner in this case is entitled to an allowance of counsel fees only up to the time of the filing of the preliminary objections, what in your opinion

would be the fair and reasonable value of the services rendered up until that time? A. I would say five or six thousand dollars up to that time.'

"The other attorney testifying as an expert thought that ten thousand dollars would be a minimum, but that if the services were confined to the preparation and filing of the petition and the service of citations five thousand dollars would be reasonable.

"Former Judge GRAY thought that two thousand dollars would be a reasonable amount to be charged as part of the costs.

"Upon consideration of the testimony, taking into account the value of the estate, the legal work required to prepare the petition, the responsibilities involved, we are of the opinion that five thousand dollars would be a reasonable allowance to petitioner for counsel fees for the services rendered for the common benefit of all the parties in interest."

The court, accordingly, entered a decree that "the petitioner be allowed counsel fees in the amount of five thousand dollars, which sum shall be taxed as part of the costs in the proceedings ......, and that the preliminary objections be dismissed."

To this decree, exceptions were filed by Walter A. Breen, which were dismissed by the court, and the decree of the auditing judge was affirmed on December 10, 1941.

Walter A. Breen, alone, appealed.

Appellant relies chiefly on the case of *Novy v. Novy*, 324 Pa. 362, 188 A. 328, where the Supreme Court struck off an award of $2500 as counsel fees taxed as costs in a suit in equity for partition. But there are vital distinctions between that case and this one. It does not appear in the report of that case that the work involved in making the preliminary examination and preparation for the suit approached in any degree the work involved in the present proceeding, which is set out in the record and exhibits. Chief Justice KEP-

HART made the distinction between the services rendered for the common benefit of all and those rendered for the individual advantage of the plaintiff or petitioner, as quoted in the extract contained in Judge CHALFANT'S opinion, and further pointed out that the proceedings in that case were largely adverse and that the services rendered the plaintiff during the *contest* could not have been for the benefit of all. But the main reason for *striking off* the order directing the payment of the counsel fee as taxed was that the petition for its allowance and taxation as part of the costs, was not made by the plaintiff in the suit, but by the counsel, and the award was to counsel. In fact, the plaintiff himself objected to the allowance of the counsel fee and was an *appellant* in the Supreme Court. It is well settled that, as prescribed in the Act of 1864, the reasonable allowance for counsel fees, to be taxed by the court as costs, *(Snyder's Appeal,* 54 Pa. 67) is to be to the *plaintiffs* or *petitioners* in the partition action, suit or proceeding —not to counsel; and that counsel have no standing to petition for the allowance, or to appeal from a decree relating to such allowance: *Pereyra's Appeal,* 126 Pa. 220, 17 A. 602; *Brown's Est.,* 131 Pa. 352, 18 A. 901. That this was the main reason for the Supreme Court's action is seen in the fact that the counsel fee was not *reduced* to cover only such services as were of benefit to all, although certain services were recognized as being within that class, but was ordered *stricken off.* The report of the case shows that counsel for the appellee, who represented the counsel awarded the fee, "*was not heard*" at the oral argument in court. We cannot conceive that the court would *strike off* the fee, without hearing counsel in support of it, for any reason except the compelling one that the Act of 1864 authorized the allowance of such reasonable fees only to the *plaintiff or petitioner* in the action, suit or proceeding, and not to *counsel* themselves.

In a matter of this kind, we must be governed largely

by the well-considered judgment of the lower court, who are more familiar than we are with the quantity and quality of the preliminary work necessary for the preparation and bringing of these proceedings, and the compensation reasonably to be allowed, by way of counsel fees, for it; but a reading of the record and exhibits in the case impresses us with the magnitude and responsibility of the task which was performed for the common benefit of all the parties.

The assignments of error are overruled and the decree is affirmed at the costs of the appellant.