## McRoberts Estate.

Argued April 20, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Charles F. Dean,* for appellant.

*Bradley McK. Burns,* for appellee pro se.

OPINION BY BALDRIGE, P. J., September 26, 1945:

This appeal concerns the right of counsel to collect from petitioner in an Orphans' Court partition proceeding his pro rata share of $6500, attorney's fees, taxed by the court as part of the costs.

James McRoberts died intestate, unmarried, October 13, 1939, leaving to survive him a brother, a half brother, a niece, and four nephews. At the time of his death he owned certain real estate in Allegheny County, later found to be of a value in excess of $200,000. His half brother, James Altenbaugh McRoberts, this appellant, to whom we will refer hereafter as James, on October 28, 1939, executed and delivered to Bradley McK. Burns, Esq. of the Allegheny County Bar, a broad power of attorney in which he authorized Burns to sue for, and receive all sum or sums of money or interest in real estate due him from decedent's estate, and to institute any proceedings, and to do all things he may think necessary "to all intents and purposes, as I myself might or could do if personally present. . . ."

On March 11, 1940, James, acting through his attorney in fact, presented his petition to the Orphans' Court of Allegheny County praying for a partition of the decedent's real estate. The division of the property was ultimately accomplished and on June 10, 1942, James, acting through his attorney in fact, presented his petition to the Orphans' Court to fix and award counsel

fees to be taxed as costs. Answers were filed by all the parties in interest, including James, wherein the value of the counsel services and whether they inured to the benefit of all the parties in interest were questioned. Neither this petition nor answers thereto was printed in the record before us, but the court below gives us that information and apparently it is not disputed. After a hearing the court on July 21, 1942, decreed that the legal services were for the benefit of all the parties and fixed counsel fees for *petitioner* in the sum of $6500 together with $107.51 advanced by counsel as expenses and ordered those sums to be taxed as costs. Exceptions filed to that order were dismissed by the court in banc. No appeal having been taken, the issues raised by the exceptions may be regarded as conclusively adjudicated. On December 5, 1942, James, by his attorney in fact, filed a petition in the Orphans' Court praying that execution issue for collection of the costs taxed in the partition proceeding against the real and personal property of the heirs of the decedent. Answers were filed by all the parties including James, challenging Burns' right to the fees on the ground that counsel had no interest in, and was not a party to, the proceedings in partition and had no standing to petition for counsel fees or to ask for the execution to collect it. The Orphans' Court sitting in banc after hearing decreed on January 21, 1944, that "there is due and owing Bradley McK. Burns as counsel for the petitioner in the partition the sum of $6607.51" of which James was to pay $825.94, and a writ of fi. fa. was authorized to be issued against the personal property of the parties named in the proceeding. No appeal was taken from this order, which must be considered as a conclusive determination that James was indebted to his counsel in the sum of $825.94. Burns presented a petition on March 9, 1944, to the Orphans' Court setting forth that all the parties in the partition proceeding had paid him their pro rata shares of costs and counsel fees except James who has no personal property subject to a

levy, and prayed that a writ of attachment issue. James filed an answer denying Burns was entitled to collect any fee from him, as he was the petitioner in the partition proceedings. The court on July 24, 1944, dismissed his answer on the ground that the matters raised therein already had been adjudicated adversely to James, by its decree entered January 21, 1944.

In partition proceedings a reasonable amount for counsel fees is authorized by section 35 (a) of our Orphans' Court Partition Act of June 7, 1917, P. L. 337, 20 PS §1524. They belong, and are awarded, to the petitioner, not counsel (*Novy v. Novy*, 324 Pa. 362, 188 A. 328; *Breen's Estate*, 149 Pa. Superior Ct. 319, 27 A. 2d 459), but in good conscience and legally the petitioner is liable to his attorney for his pro rata share of the fees. Such liability may be enforced in a direct suit by the attorney in his own name against the petitioner. As stated in *Novy v. Novy*, supra, p. 366, if petitioner does not take advantage of the provision in the statute awarding him counsel fees "there is nothing which counsel can do other than to look to his client for compensation for services rendered." The order of the court below, in our opinion, did not violate the above well established rules as attorney Burns was technically within his rights in the course he pursued. The original petition for execution to collect costs was brought by him, not as an individual but as an attorney in fact for James, and when the fees were collected Burns had to account for them to his principal, but as above observed James in turn had a corresponding duty to pay counsel his proper fee.

Appellant has failed to convince us that as Burns in his petition for a writ in the nature of a writ of attachment did not describe himself as attorney in fact, an attachment process was not available to him. Before this petition was presented Burns' status as a creditor in the sum of $825.94 of James was judicially established. He, therefore, had a right to apply in his own name for a writ of attachment under section 18[a]4 of the Act

of June 7, 1917, P. L. 363, 20 PS §2375, which provides that when any person, against whom a decree for the payment of money has been made by the orphans' court, is possessed of any stocks, deposits, or debts due him, etc., "the same may be levied on or attached in satisfaction of such decree, by the same process and in the same manner as is now or may hereafter be provided by law in the case of judgments of any court of common pleas."

We are in accord with the conclusions of the lower court that all matters raised by the appellant in his objections to the attachment proceeding had been previously adjudicated adversely to him, and he is bound thereby.

The decree of the court below is affirmed at appellant's costs.