City of Philadelphia, Appellant, *v.* Airportels, Inc., Appellee.

Argued June 3, 1974, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

618

*Wanda P. Chocallo,* Assistant City Solicitor, with her *Martin Weinberg,* City Solicitor, for appellant.

*John R. Padova,* with him *Richard D. Solo* and *Solo, Bergman & Padova,* for appellee.

OPINION BY JUDGE MENCER, August 1, 1974:

A single procedural question is involved in this appeal. Does a governmental body have a right to file an answer to a petition for the appointment of viewers filed by a property owner, and alleging a de facto taking or compensable injury to his property, following the overruling of the governmental body's preliminary objections to the petition? The Court of Common Pleas of Philadelphia in the instant case answered the question in the negative.

On May 24, 1973, Airportels, Inc., filed a petition for appointment of viewers, seeking redress from the City of Philadelphia (City) for damages to its leasehold property allegedly resulting from expansion of the Philadelphia International Airport by the City. On June 6, 1973, the lower court acted on the petition and appointed viewers. On July 24, 1973, the City filed preliminary objections, asserting (1) that the Court lacked jurisdiction to entertain the petition and (2), by demurrer, that petitioner failed to state a cause of action.

On December 28, 1973, after argument, the court below dismissed the City's preliminary objections and directed that the matter proceed before the viewers. The

City has not appealed from that order.[1]  However, the City did, on January 28, 1974, file what it denominated as a petition for leave to file an answer.  This petition advanced a single contention; namely, that the City desires to raise questions of fact by an answer to the petition for appointment of viewers, pursuant to Pa. R. C. P. No. 1028(d).[2]  The court below, on February 19, 1974, denied the City's petition for leave to file an answer.  It is from this order of denial that the City here appeals.  Airportels, Inc., has moved to quash the appeal.

We view the City's predicament to be the result of (1) misinterpreting the nature of preliminary objections in an eminent domain proceeding involving an alleged de facto taking and (2) failing to appeal the order of December 28, 1973 which dismissed the preliminary objections that were filed.

In *Jacobs v. Nether Providence Township*, 6 Pa. Commonwealth Ct. 594, 597-99, 297 A. 2d 550, 552-53 (1972), we stated:

"Although the Eminent Domain Code does not specifically so provide, we have sanctioned the use of pre-

---

[1] We held in *Rawls v. Central Bucks Joint School Building Authority*, 8 Pa. Commonwealth Ct. 491, 303 A. 2d 863 (1973), that an order dismissing preliminary objections to a petition for viewers alleging a de facto taking is final and appealable.

[2] Pa. R. C. P. No. 1028(d) reads: "If the preliminary objections are overruled, the objecting party shall have the right to plead over within twenty (20) days after notice of the order or within such other time as the court shall fix." The City, not having pleaded over within twenty (20) days after notice of the order of December 28, 1973, sought to have the Court fix a time beyond the twenty (20) day period.

Even assuming that Pa. R. C. P. No. 1028(d) had application here, this record and City's petition for leave to file an answer do not suggest a single reason why the lower court's refusal to extend the time period beyond the twenty (20) day period allowed by the rule in question as a matter of right would be an abuse of discretion.

liminary objections as the appropriate procedure to test the legal sufficiency of a petition for the appointment of viewers filed by a property owner alleging a de facto 'taking' or compensable injury to his property by a governmental body. Commonwealth's Crosstown Expressway Appeal, 3 Pa. Commonwealth Ct. 1, 281 A. 2d 909 (1971).

"Not raised in nor specifically decided by Crosstown, however, are the respective roles of the trial court and the viewers in those cases in which preliminary objections in the nature of a demurrer are filed by the governmental body to the property owner's petition. If the trial court concludes as a matter of law that the averments of a property owner's petition, taken as true, are insufficient to state a cause of action of a de facto 'taking' or compensable injury, it should, of course, sustain the preliminary objections and dismiss the petition or possibly allow the petitioner to enlarge his pleading.

"More troublesome, however, are those instances in which the trial court concludes that such averments, if proven, may or do make out a cause of action for which compensable injury or damages might be established. Should the matter then proceed to the viewers with subsequent review by the court or should the trial court itself proceed to make an evidentiary record, if necessary, and then determine the legal sufficiency of the claim?

. . . .

"The role of preliminary objections to a formal declaration of taking in eminent domain cases as prescribed by Section 406 of the Eminent Domain Code, 26 P.S. §1-406, and as construed by the Supreme Court and this Court is not precisely that of preliminary objections as prescribed by the Pennsylvania Rules of Civil Procedure in actions covered by those rules. In eminent domain cases, they serve a somewhat broader purpose and are intended as a procedure to resolve expeditiously threshold legal issues without awaiting further proceedings

before viewers and possibly a jury trial on appeal from a viewer's report. In directing the court to determine promptly all preliminary objections, to make such orders as necessary, including a final order, and to take evidence by deposition or otherwise if issues of fact are raised, the provisions of Section 406 manifest a legislative intent to have such matters judicially determined prior to further proceedings thereby avoiding what might prove to be the unnecessary expenditure of considerable amounts of money and time incident to proceedings before viewers and to a jury trial on appeal from a viewer's report. McConnell Appeal, 428 Pa. 270, 236 A. 2d 796 (1968); Golden Dawn Shops, Inc. v. Philadelphia Redevelopment Authority, 3 Pa. Commonwealth Ct. 314, 282 A. 2d 395 (1971).

"Having sanctioned the use of preliminary objections as the appropriate procedure to test the legal sufficiency of a petition for the appointment of viewers alleging a de facto 'taking' or compensable injury (Crosstown, supra), we are of the opinion that the role of such preliminary objections should be of the same scope and serve the same purpose as that assigned to preliminary objections to a formal declaration of taking."

In the instant case, the City did not raise any issues of fact by its preliminary objections.[3] The lower court, having affirmatively passed upon the legal sufficiency of the petition in stating a cause of action upon the legal theory pleaded, was correct in directing that the

[3] Section 406(e) of the Eminent Domain Code, Act of June 22, 1964, Special Session, P. L. 84, as amended, 26 P.S. §1-406(e), provides that, if an issue of fact is raised by the preliminary objections filed, the court shall take evidence by deposition or otherwise and that the court shall determine promptly all preliminary objections.

A like provision is found in Section 504 of the Eminent Domain Code, as amended, 26 P.S. §1-504, relative to *any objection* raised by preliminary objections filed to the appointment of viewers.

matter proceed to the viewers. If the lower court incorrectly passed upon the sufficiency of the petition to state a cause of action, the City's recourse was to appeal, *Rawls v. Central Bucks Joint School Building Authority, supra,* rather than petition for leave to file an answer to the petition for viewers.

The Eminent Domain Code's failure to specifically provide the appropriate procedure to test the legal sufficiency of a petition for the appointment of viewers filed by a property owner alleging a de facto taking or compensable injury to his property has unquestionably resulted in uncertainty among practitioners. We held in *Commonwealth's Crosstown Expressway Appeal,* 3 Pa. Commonwealth Ct. 1, 281 A. 2d 909 (1971), that preliminary objections are the appropriate procedure to procure such a test of legal sufficiency.

However, where, as here, the viewers have already been appointed under the provisions of Section 504 of the Eminent Domain Code, as amended, 26 P.S. §1-504, before the governmental body has filed any preliminary objections, a situation has arisen which could be considered confusing. Should the preliminary objections envisioned under the provisions of Section 406 or the preliminary objections under the provisions of Section 504 be filed? We conclude, since the viewers have been appointed under the provisions of Section 504, and since that section provides that "[a]*ny objection*[4] to the appointment of viewers not theretofore waived may be raised by preliminary objections filed within twenty days after receipt of notice of the appointment of viewers," that all preliminary objections should be raised at one time and in one pleading. Thus all disputes of fact and law, all objections pertaining to the form of the petition or the appointment or the qualifications of the viewers, contentions as to the legal sufficiency of

---

[4] Emphasis supplied.

the petition, and any and all other questions, objections, or challenges to the property owner's assertion of a de facto taking or claim of compensable injury should be included in the preliminary objections filed to the appointment of viewers.

The Eminent Domain Code does not provide for an answer to the petition for the appointment of viewers. It provides only for preliminary objections, timely filed and raising at one time and in one pleading all contentions, questions, and issues by the governmental body. The court's ruling on such preliminary objections is appealable and subject to review.

The prompt and all-inclusive judicial disposition of such threshold questions expedites the matter. If the trial court concludes, as a matter of law, that the averments of a property owner's petition are sufficient to state a cause of action of a de facto taking or compensable injury, then all that remains is the determination by the viewers of the just compensation due the property owner for the taking, injury or destruction of his property.

Thus, we hold that Sections 406 and 504 of the Eminent Domain Code, as amended, 26 P.S. §§1-406, 1-504, provide for preliminary objections to be the exclusive method of legally and factually testing the sufficiency of a petition for the appointment of viewers alleging a de facto taking or compensable injury and for questioning the form of the petition or the appointment or the qualifications of the viewers. *Jacobs v. Nether Providence Township, supra.* Accordingly, the City is not entitled to file an answer to the petition for appointment of viewers, and Pa. R. C. P. No. 1028(d) has no application to this case.

Appeal quashed.