In Re: Condemnation by the City of Philadelphia of the Leasehold Interest of Airportels, Inc. in all Those Six Acres, More or Less, With the Improvements Thereon Erected, Situated in the 40th Ward of the City of Philadelphia, Fronting on Essington Avenue and Located on the Philadelphia International Airport *v.* Airportels, Inc.

City of Philadelphia, Appellant.

Submitted on briefs June 17, 1975, to President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

228

*John E. Walheim,* Special Counsel, for appellant.

*Richard D. Solo,* with him *Solo, Bergman & Padova,* for appellee.

OPINION BY JUDGE MENCER, September 11, 1975:

The City of Philadelphia (City) appeals to this Court from an order of the Court of Common Pleas of Philadelphia County dismissing the City's "Petition for Leave to Amend Preliminary Objections Alleging Factual Matters." Appellee, Airportels, Inc., has filed a motion to quash, which motion is presently before us.

The history of the protracted litigation in this case was summarized in our opinion in *City of Philadelphia v. Airportels, Inc.,* 14 Pa. Commonwealth Ct. 617, 322 A. 2d 727 (1974), and we will not repeat it here. There we held that preliminary objections are the exclusive method of legally and factually testing the sufficiency of a petition for the appointment of viewers alleging a de facto taking, filed by a property owner under the Eminent Domain Code,[1] and for questioning the form of the petition or the qualifications of the viewers and that an answer raising such issues after preliminary objections have been overruled is not appropriate.

Subsequent to our adjudication in *City of Philadelphia v. Airportels, Inc., supra,* the City, again collaterally attacking the original request for viewers, filed the afore-

---

1. Act of June 22, 1964, Special Session, P.L. 84, *as amended,* 26 P.S. §1-101 et seq.

mentioned petition for the alleged purpose of curing the defects in the original preliminary objections and of raising new issues of fact that were not covered in its procedurally defective answer.

We have assiduously reviewed the pleadings, the briefs, and that part of the record that is before us in this case and find all of the City's contentions to be without merit.

At what is hopefully the close of this dilatory procedural morass, resulting through no fault of Airportels, the City now urges us to recognize what it supposes will be an obvious "miscarriage of justice, affecting the citizens of the City of Philadelphia," if it is denied the right of amending its preliminary objections. This is indeed a startling request. The matter of preliminary objections and the appropriate pleadings available to the City have already been ruled upon five times by various courts in this Commonwealth, and the City has each time been unable to prevail relative to its novel contentions.[2] The relief sought, the issues raised, the scope of the action, and the parties to the action are now identical to those in the previous proceedings, including our dispositive ruling in *City of Philadelphia v. Airportels, Inc., supra.* Since, to permit the City a sixth quest for the same relief would entirely vitiate the important principle of res judicata, we grant appellee's motion to quash. *See Stevenson v. Silverman,* 417 Pa. 187, 208 A. 2d 786 (1965); *McCarthy v. Township of McCandless,* 7 Pa. Commonwealth Ct. 611, 300 A. 815 (1973).

---

2. The City received an adverse ruling relative to (a) the original preliminary objections before the Court of Common Pleas, (b) the answer before the Court of Common Pleas, (c) the first appeal to this Court, (d) a petition for allowance of appeal to the Supreme Court, which also requested leave to plead over, and (e) the current petition when it was before the Court of Common Pleas.

ORDER

AND NOW, this 11th day of September, 1975, the motion to quash filed by Airportels, Inc., is granted, and this case is remanded to the Court of Common Pleas of Philadelphia County for a determination by the viewers of just compensation.