## Princeton Sportswear Corporation v. H & M Associates

*Lewis Kates,* for plaintiff.
*Robert H. Malis,* for defendants.

GOLDMAN, *J.,* August 17, 1987—Plaintiff, Princeton Sportswear Corporation, instituted this action in assumpsit against H&M Associates, Sidney Becker, and Leonard Becker on September 26, 1977. Princeton sought damages for destroyed inventory, interruption of business operations, and expenses incurred for elevator repairs, alleging that defendants willfully and intentionally failed adequately to maintain the common areas of commercial property leased to Princeton.

H&M having filed no answer, a default judgment was entered against it on October 26, 1977, pursuant to Pa. R.C.P. 1037(b). After almost two months,

H&M filed a motion to strike or open the judgment, which was denied by another court. The Superior Court affirmed,[1] and the Supreme Court denied further appeal. This court denied defendant's second motion to strike or open the judgment on September 26, 1983.

Following a non-jury trial to assess damages, a finding was made for Princeton in the amount of $40,078.99. The order assessing damages was entered on the docket on March 2, 1984. By three orders each dated May 21, 1985, defendant's motion for post-trial relief was denied; plaintiff's motion for post-trial relief was denied; and plaintiff's petition to mold the verdict to include prejudgment interest was denied. In accordance with these orders an opinion was filed on May 21, 1985.[2] Thereafter, these rulings were affirmed by the Superior Court.[3]

On June 10, 1985, plaintiff filed and the prothonotary accepted a praecipe directing the prothonotary to enter judgment in the amount of $40,078.99 "plus post-judgment interest from October 27, 1977."

On March 13, 1987, plaintiff made a formal demand for payment of the judgment, interest, and costs. Defendant filed a motion to stay enforcement of the judgment on April 16, 1987. After correspondence between counsel, plaintiff issued execution on the judgment on April 30, 1987. The sheriff did not proceed with service, pending the outcome of the matter now before the court. On July 14, 1987, we issued an order granting defendant's motion in part; thus staying enforcement of the default

---

1. 289 Pa.Super. 603, 429 A.2d 88 (1980).
2. 12 Phila. 448 (1985).
3. _____ Pa.Super._____, 513 A.2d 1081 (1986).

judgment if it includes interest from October 1977 through March 1984, but approving interest thereafter, from the date of the damage assessment trial.

## DISCUSSION

### I

In its motion to stay enforcement of judgment, defendant H&M argued that the inclusion of the interest was improper for three reasons; this court already denied interest from October 1977, and plaintiff failed to appeal; the prothonotary lacked authority to enter judgment including interest in contradiction to this court's order; and "post-judgment" meant after the damage assessment trial in 1984. These contentions will be considered in turn.

*The Request for `Interest From October 1977 Through March 1984 Already Was Denied*

As previously stated, plaintiff earlier filed a motion to amend the finding of $40,078.99 to include interest for the period, essentially from the entry of the default judgment to the assessment of damages. That motion was denied and plaintiff took no appeal. Plaintiff cannot again make the same claim. The Superior Court held in *In re McRoberts Estate* that where there was no appeal from an order dismissing an exception, the issue raised by the exception was conclusively adjudicated: 158 Pa.Super. 89, 43 A.2d 910 (1945). In the instant case, after plaintiff's motion to mold the verdict was denied, the plaintiff took no exceptions, and is thus precluded from raising the issue to us again. *See In re Condemnation by the City of Philadelphia, etc. v. Airportels, Inc.,* 21 Pa.Commw. 227, 344 A.2d 737, 738 (1975). In *Airportels,* in the context of denying the amendment of already overruled preliminary ob-

jections, the Commonwealth Court observed that to permit numerous requests for the same relief when the issues raised, the scope of the action, and the parties were all identical to those in previous proceedings would "entirely vitiate the important principle of res judicata." Id. at 738.

### The Prothonotary's Entry of Default Judgment Including Interest

Second, there is the question of the judgment including interest being entered by the prothonotary. Rule 227.4 provides:

"In addition to the provisions of any Rule of Civil Procedure or Act of Assembly authorizing the prothonotary to enter judgment upon praecipe of a party, the prothonotary shall, upon praecipe of a party:

. . .

(2) enter judgment when a court grants or denies relief but does not itself enter judgment or order the prothonotary to do so."

Under paragraph (2) of the rule, the prothonotary's authority to enter judgment must have an express basis in statute or rule of court. *Thompson v. Cortese,* 41 Pa.Commw. 174, 398 A.2d 1079, 1081 (1974) construing Pa. R.C.P. 1039 (substantially re-enacted as Pa. R.C.P. 227.4). In this instance, the prothonotary correctly entered judgment for the principal amount of $40,078.99, but erred in automatically accepting the praecipe filed by plaintiffs calling for interest at six percent from the date of default judgment after this court had already denied such interest in an order dated May 21, 1985, and docketed June 1, 1985. The prothonotary's duties are purely ministerial and only continue the judicial action of the court. *Cortese,* supra, at 1081; *Newsome v. Braswell,* 267 Pa.Super. 83, 406 A.2d 347, 349 (1979).

It is contended that standard procedure in the prothonotary's office is to grant post-judgment interest pursuant to 42 Pa. C.S. §8101 going back to the date of the general entry of default judgment. Section 8101 provides:

"Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award."

When the default judgment is entered on a specific sum of money, interest may properly be added to the award, because it is liquidated or readily ascertainable. *See* Pa. R.C.P. 1037(b)(1). In the instant case, it was not until the damage assessment trial of 1984 that there was an award for a *specific sum of money* on which judgment could be entered. Therefore, the prothonotary was mistaken in applying section 8101 to the default judgment in the instant case, which was not for a specific sum of money.

Plaintiff argues that even if the prothonotary had no authority to enter a judgment including interest, a certain stipulation[4] entered into by the parties waived this irregularity. This argument is to no avail. The ambiguous stipulation can in no way be interpreted to suggest a concession by defendant of its obligation to pay interest for the period in question.

---

4. The stipulation reads: "Judgment was entered on the Court's finding on July 9, 1985. The docket should properly read that a praecipe to enter judgment was filed and accepted by the prothonotary on July 9, 1985. J. GOLDMAN."

## II

As we recognized in our earlier opinion, under Pennsylvania law the payment of prejudgment interest in breach of contract actions is a matter of right only when the sums in the underlying dispute are liquidated or readily ascertainable. *Metropolitan Edison Co. v. Old Home Manor, Inc.,* 334 Pa. Super. 25, 482 A.2d 1062 (1984); *Daset Mining Corp. v. Industrial Fuels Corp.,* 326 Pa. Super. 14, 473 A.2d 584, 594-95 (1984); *Krosnar v. Schmidt Krosnar McNaughton Garrett Co.,* 282 Pa. Super. 526, 423 A.2d 370 (1980); *Green International Inc. v. Department of General Services,* 103 Pa. Commw. 84, 518 A.2d 1323 (1987). See *Black Gold Corp. v. Shawville Coal Co.,* 730 F.2d 941, 943 (3d Cir. 1984); *American Enka Co. v. Wicaco Machine Corp.,* 686 F.2d 1050, (3d Cir. 1982); *Fidelity Bank v. Commonwealth Marine and General Insurance Co., Ltd.,* 592 F. Supp. 513, 523 (E.D. Pa. 1984). See also Restatement (Second) of Contracts, section 354(1) (1981).

In other cases, when the sum is not readily ascertainable, payment of interest is left to the discretion of the trial judge. *Standard Pipeline Coating Co. v. Solomon & Teslovich,* 344 Pa. Super. 367, 496 A.2d 840 (1985). Prejudgment interest is not a right where the sum is neither liquidated nor readily ascertainable. See *Standard Pipeline,* supra; *Daset Mining Corp.,* 473 A.2d at 595-96. *See also Ambromovage v. United Mine Workers of America,* 711 F.2d 530 (3d Cir. 1983); *American Enka Co.,* 686 F.2d at 1057; *Rea v. Ford Motor Co.,* 560 F.2d 544 (3d Cir. 1977).

We said in our earlier opinion that it was unnecessary to consider whether the damages awarded

were readily ascertainable because H&M had incurred no clearly defined obligation to pay until default judgment was entered against it. *Princeton Sportswear Corp. v. H&M Associates,* 12 Phila. 448, 459 (1985). This statement did not mean to say that once default judgment was entered in 1977, H&M was liable for interest. In fact, because the amount of liability was uncertain, the prothonotary could not simply assess damages but had to forward the case to us for disposition. Thus, in actuality the sum owing from H&M to Princeton was not readily ascertainable, and in our judgment it was inappropriate and unfair to award interest under the circumstances. *Ormond Realty v. Ninnis,* 341 Pa.Super. 101, 491 A.2d 169, 172 n. 2 (1985). *Accord Ambromovage,* supra; *Rea,* 560 F.2d at 558.

We found no authority nor have we been referred to any, relative to application of interest between the time of entry of default judgment and the damage assessment trial, in cases where the amount owing was neither liquidated nor readily ascertainable. For the reasons previously set forth we conclude that it is inappropriate to allow such interest in this case. However, whether it might be appropriate to award interest for the time between the entry of default judgment and the damage assessment trial in other cases, remains to be decided.

## CONCLUSION

For the reasons set forth above, defendant's motion to stay enforcement of judgment was granted in part; judgment was stayed to the extent it included interest from October 27, 1977 through March 2, 1984, with the understanding of the parties that execution on the judgment of $40,078.99 plus interest from March 2, 1984 may proceed.