611 A.2d 349

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellant,

v.

Steven BERK and Gerald S. Segal, Appellees.

Commonwealth Court of Pennsylvania.

Argued March 3, 1992.

Decided June 3, 1992.

Carl Vaccaro, Asst. Counsel in Charge, for appellant.

Iris S. Pincus, for appellees.

Before PALLADINO and FRIEDMAN, JJ., and LORD, Senior Judge.

PALLADINO, Judge.

The Commonwealth of Pennsylvania, Department of Transportation (DOT) appeals two March 19, 1991 orders of the Court of Common Pleas of Philadelphia County (trial court). The first order overruled DOT's preliminary objections to a petition for appointment of a board of view filed by appellees Steven Berk and Gerald S. Segal (collectively, landowners). The second order denied DOT's motion to strike landowners' filing of a deposition.

Landowners' petition for appointment of viewers alleged that, in the course of a bridge reconstruction project, there had been a de facto taking of their property by DOT because DOT allegedly 1) denied landowners access to the main entrance of their building, thereby causing them to lose tenants

and rents, and 2) caused physical and structural damages to their building.

The trial court entered an order appointing a board of view. DOT then filed preliminary objections to landowners' petition which averred that DOT had not taken or injured landowners' property and had not deprived landowners of the enjoyment and use of their property within the meaning of the Eminent Domain Code (Code).[1] Landowners filed an answer to DOT's preliminary objections and both parties filed memoranda of law. On September 26, 1990, the trial court entered an order directing that landowners take depositions on disputed factual issues before November 14, 1990 and that copies of the depositions be filed before January 2, 1991. The order stated that if landowners failed to file depositions, all properly pleaded factual averments in DOT's preliminary objections would be deemed admitted.

Landowners conducted a deposition ex parte and filed the deposition with the trial court. DOT filed a motion to strike the filing of the deposition because it was taken ex parte without reasonable notice to DOT and an opportunity for DOT to participate.

On March 19, 1991, the trial court overruled DOT's preliminary objections and, in a separate order, denied DOT's motion to strike.

Thereafter the following events took place. On March 26, 1991, DOT appealed the trial court's March 19 orders. On August 1, 1991, the trial court filed an opinion in support of its orders stating that on May 6, 1991, it ordered DOT to file a concise statement of the matters complained of on appeal, that DOT has failed to comply with that order, and that the trial court is unable to draft an opinion because of DOT's failure to file a statement of the matters complained of on appeal.

On appeal, DOT alleges that, after receiving a copy of the August 1, 1991 trial court opinion, it advised the trial court that it had not received the May 6, 1991 order and that it requested leave of court to file the statement. Neither the

1. Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§ 1–101—1–901.

docket entries nor the original record reflect the entry of the trial court's May 6, 1991 order or the filing of a motion by DOT requesting leave of the trial court to file the required statement.

On September 9, 1991, landowners filed a motion in the commonwealth court to dismiss DOT's appeal on the ground that DOT failed to file a statement of the matters complained of on appeal. On October 17, 1991, after argument, this court denied landowners' motion to dismiss and directed DOT to file a statement of matters complained of on appeal with this court and with the trial court. DOT filed a statement with this court on November 6, 1991.

On appeal, the issues presented are as follows: (1) whether the trial court erred by overruling DOT's preliminary objections without making a finding that a de facto taking of landowners' property by DOT had occurred; (2) whether the trial court erred by overruling DOT's preliminary objections without an appropriate evidentiary proceeding to resolve disputed facts concerning the alleged de facto taking: (3) whether the trial court's order denying DOT's motion to strike landowners' deposition filing is a final and appealable order; (4) whether the trial court erred by refusing to strike landowners' deposition filing when the deposition was taken ex parte and allegedly without reasonable notice to DOT, and (5) whether the trial court erred by overruling DOT's preliminary objections when the evidence before the court allegedly did not establish a de facto taking.

■ We note at the outset that an order overruling preliminary objections to a petition for appointment of viewers which alleges a de facto taking is a final and appealable order. *City of Pittsburgh v. Haffner,* 80 Pa.Commonwealth Ct. 53, 471 A.2d 116 (1984).

■ As to the first issue, DOT argues that, in eminent domain cases preliminary objections are intended as the exclusive procedure to resolve all legal and factual matters prior to further proceedings before the board of viewers. DOT argues that the trial court erred by failing to make a fact-finding regarding whether or not a de facto taking has occurred. In

its entirety, the trial court's order overruling DOT's preliminary objections states:

> AND NOW, this 15th day of March, 1991, upon consideration of the Petitioner's Answer to Defendant's Preliminary Objections to Petitioner's Petition for Appointment of a Board of Viewers it is hereby ORDERED and DECREED that the Preliminary Objections are overruled and this matter is referred to the appointed Board of Viewers.

In *Haffner*, this court stated the following:

> We have ... held that preliminary objections are the exclusive method under the Code of raising legal and factual objections to a Petition where the Petition alleges a de facto taking. City of Philadelphia v. Airportels, Inc., 14 Pa.Commonwealth Ct. 617, 322 A.2d 727 (1974). The trial court must therefore resolve the issue of whether there has been a de facto taking.

*Id.*, 80 Pa.Commonwealth Ct. at 59, 471 A.2d at 119.

In *City of Philadelphia v. Airportels, Inc.*, 14 Pa.Commonwealth Ct. 617, 322 A.2d 727 (1974), the court set forth the following explanation of the procedure in an eminent domain case:

> The Eminent Domain Code ... provides ... for preliminary objections, timely filed and raising at one time and in one pleading all contentions, questions and issues by the governmental body. The court's ruling on such preliminary objections is appealable and subject to review.
>
> The prompt and all-inclusive judicial disposition of such threshold questions expedites the matter. If the trial court concludes, as a matter of law, that the averments of a property owner's petition are sufficient to state a cause of action of a de facto taking or a compensable injury, then all that remains is the determination by the viewers of just compensation due the property owner for the taking, injury or destruction of his property.

*Id.*, 14 Pa.Commonwealth Ct. at 623, 322 A.2d at 730.

More recently this court has stated the following with respect to the role of preliminary objections in an eminent domain case:

The Code has established a special role for preliminary objection proceedings in an eminent domain case, in that they are to provide a vehicle by which the common pleas court can resolve all legal and factual questions of entitlement at the outset, with an evidentiary hearing if necessary, before appointing the viewers and assigning them to their work of quantifying an award.

*Carroll Township v. Jones,* 85 Pa.Commonwealth Ct. 400, 402, 481 A.2d 1260, 1261 (1984).

Review of the pleadings in this case reveals that the following factual and legal questions remain unresolved:

1. Whether DOT a) physically took or injured property located at 2313–15 Walnut Street, 143–49 24th Street, 136–38 S. Bonsall Street in the City of Philadelphia, or b) in any way deprived landowners of the beneficial use and enjoyment of their property, or c) placed any legal restraint upon the landowner's ownership, use or development of the property, or d) exercised dominion and control over the ownership or use of the property, or e) caused landowners to vacate the premises or otherwise deprived landowners of realizing the value of their fee simple ownership of the property.

2. Whether landowners suffered lost profits, increased costs or business losses of any nature, and whether these losses are compensable under the Code.

3. Whether landowners suffered any physical and structural damage to their property.

4. Whether landowners were denied access to their property.

The order of the trial court does not make findings with respect to these questions. By not resolving these disputed questions of law and fact in overruling DOT's preliminary objections, the trial court delegated these questions to the board of view. We have held that such a delegation is an error of law by the trial court. In *Mountain Area Joint Sanitary Authority v. St. Jude Church,* 73 Pa.Commonwealth Ct. 185, 457 A.2d 1024 (1983), a court of common pleas specifically stated in its opinion that it was impossible for it to

determine whether a de facto taking had occurred and that the issue would have to be resolved by the board of view. This court held that the court of common pleas erred as a matter of law by delegating to the board of view the determination of whether or not a de facto taking had occurred.

Although the trial court in the case at bar did not specifically state that the unresolved questions were to be resolved by the board of view, the trial court's failure in this case to resolve the questions set forth above leaves those questions unanswered when the case proceeds to the board of view. *Haffner, Airportels* and *Carroll* clearly hold that the only question for the board of view is the amount of compensation to be awarded to the property owner. Therefore, we hold that the trial court erred by not resolving disputed questions of fact and by not finding that a de facto taking had occurred.

Accordingly, the order of the trial court is vacated and the case is remanded to the trial court for findings of fact and conclusions of law with respect to whether a de facto taking has occurred.[2]

## ORDER

AND NOW, June 3, 1992, the order of the Court of Common Pleas in the above-captioned matter is vacated and the case is remanded for findings of fact and conclusions of law with respect to whether a de facto taking has occurred. Jurisdiction is relinquished.

---

2. Because of our resolution of the first issue, we need not address the other issues.